# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN DAMONT HENLEY,

     Petitioner,  :  Case No. 3:17-cv-421

 - vs -         District Judge Thomas M. Rose
             Magistrate Judge Michael R. Merz

DAVID MARQUIS, Warden,
 Richland Correctional Institution

             :

     Respondent.

## DECISION AND ORDER DENYING MOTION FOR STAY

This habeas corpus case, brought pro se by Petitioner Brian Henley, is before the Court on Petitioner's Motion to Stay pending exhaustion of state court remedies (ECF No. 8).

This case was filed in December 2017 to challenge a 2004 conviction in the Montgomery County Court of Common Pleas on four counts of rape, one count of kidnapping, two counts of felonious assault, and one count of attempted felonious assault (Petition, ECF No. 1, PageID 1). Upon initial review, the Magistrate Judge found "that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court," and ordered the State to file a return of writ and the state court record (ECF No. 6, PageID 37). The time within which the State was ordered to make these filings has not yet expired, so this Court does not have the full state court record before it.

Mr. Henley's Motion recites that he has filed a complaint in mandamus against The Honorable Dennis J. Langer, Judge of the Common Pleas Court, to compel Judge Langer to issue a final appealable order in the criminal case because, Henley alleges, the judgment issued in

1

2004 consists of multiple documents, in violation of the so-called "one document" rule announced in *State v. Baker*, 119 Ohio St. 3d 197 (2008).

*Baker* begins by restating the well-settled rule that the intermediate court of appeal of Ohio only have jurisdiction to review orders that are final and appealable. *Id.* at ¶ 6, citing § 3(B)(2), Article IV, of the Ohio Constitution and Ohio Revised Code § 2505.02. *Baker* clarified the meaning of that statute and Ohio R. Crim. P. 32(C) by stating:

> We now hold that a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence.

*Id.* at ¶ 18.

Review of the docket for *State v. Henley*, Case No. 04CR01953,[1] shows a termination entry by Judge Langer on November 3, 2004, which was amended November 24, 2004. An amended termination entry was filed October 27, 2016, from which an appeal was taken to the Second District Court of Appeals. Another amended termination entry was filed July 18, 2017. Most recently in August 2017 Judge Langer denied a motion for a revised sentencing entry. Search of the Montgomery County Clerk of Court's database[2] reveals no case bearing the number recited by Petitioner, 27780. The only case in the Second District shown as open is case no. CA 027326 which shows a notice of appeal from the Common Pleas Court on November 4, 2016, from the October 27, 2016, amended judgment. On July 14, 2017, the Second District granted relief on Henley's first assignment of error, vacating post-release control on the first five counts of conviction, but denied relief on the remaining eight assignments. *State v. Henley*, 2017

---

[1] The electronic docket does not include links to images of the docket entries themselves.
[2] www.clerk.co.montgomery.ohio.us, visited January 23, 2018.

Ohio App. LEXIS 2899 (2nd Dist. Jul. 14, 2017), appellate jurisdiction declined, 151 Ohio St. 3d 1428 (2017).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings." *Id*. at 277.

Mr. Henley has not shown good cause for a stay of these proceedings. He has not attached a copy of his complaint for mandamus or otherwise made a showing that he is at all likely to succeed on that complaint. That is, he has not shown that Judge Langer has a duty to issue a new judgment entry and it is entirely possible that the Second District will deny relief because, as the docket of his criminal case shows, he has repeatedly sought similar relief.

In general,

> Mandamus may be employed to require an inferior tribunal to exercise its judicial powers and functions, to perform its judicial duty, exercise its judgment or exercise its authority when it is its duty to do so, in a matter within its jurisdiction. Ordinarily, however, a subordinate tribunal may not be compelled by mandamus to exercise its judicial function or discharge its judicial duties in a particular manner. The writ may be used to set a court in motion but not to control the result; it lies to compel an inferior court to adjudicate on a subject within its jurisdiction, but not to compel the tribunal to adjudicate or decide a question in a particular way, or to reach a designated conclusion or to make a particular decision.

55 CORPUS JURIS SECUNDUM, Mandamus, § 71. As noted above, mandamus will lie only to compel the performance of ministerial acts, and not to control the exercise of discretion. See also 55 CORPUS JURIS SECUNDUM, Mandamus, § 72; *State ex rel. Carnail v. McCormick*, 126 Ohio St. 3d 124 (2010)(holding an inmate is entitled to mandamus to compel sentencing judge to issue a new sentencing entry including post-release control). But whether the Second District will determine that Judge Langer is under a mandatory duty to issue a new judgment is speculative at this point.

Weighing the factors the Supreme Court set forth in *Rhines*, the Magistrate Judge notes that, if Henley's reliance is on *Baker, supra*, that precedent has been available to him for almost ten years. His delay in seeking state court relief on the basis of *Baker* is unexplained. Finally, the claim he is making in his mandamus action is not a federal constitutional claim. That is to say, there is no federal constitutional rule requiring compliance with Ohio law on the form of criminal judgments. Thus the traditional reason for allowing a stay pending exhaustion – to give the state courts the initial opportunity to rule on federal claims – is not present here.

Accordingly, the Motion to Stay is DENIED.

January 23, 2018.

s/ *Michael R. Merz*  
United States Magistrate Judge