# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

BRIAN DAMONT HENLEY,

                Petitioner,          :    Case No. 3:17-cv-421

    - vs -                        District Judge Thomas M. Rose
                                          Magistrate Judge Michael R. Merz

DAVID MARQUIS, Warden,
  Richland Correctional Institution
                                    :
                Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 12, 16 & 19), the Return of Writ (ECF No. 13) and Petitioner's Reply (ECF No. 20).

Petitioner pleads the following grounds for relief:

> **Ground 1:** Trial court erred in imposing sentence which violates 6th and 14th Am. right to jury trial in U.S. Const.
>
> **Supporting Facts:** Trial court relied upon facts that were neither admitted by defendant or found by a jury when the trial court imposed the sentence and labelled defendant as a sexual predator.
>
> **Ground 2:** Appellate counsel was ineffective in violation of 6th and 14th Am. of U.S. Const.
>
> **Supporting Facts:** Appellate counsel failed to challenge trial counsel's failure to: challenge trial court bias at sentencing and sexual classification hearing when the trial court accused defendant of having committed several rapes not supported by the record; trial court imposed sentence based on facts not found by the jury or admitted by defendant and likewise labelled defendant a sexual predator;

**Ground 3:** Trial court violated defendant's federal rights to confrontation and compulsory process.

**Supporting Facts:** Trial court arbitrarily restricted the testimony of a key defense witness. (Barbara Pettiford). (Due process violation of the 14th Am. to the U.S. Constitution).

**Ground 4:** Trial court violated defendant's state and federal right to challenge conviction and sentence. 14th Am. U.S. Const.

**Supporting Facts**: At my resentencing hearing held on October 27, 2016, the trial court refused to allow me to raise challenges to my underlying convictions and sentences in violation of my federal and state rights to due process. 14th Am. U.S. Const.

**Ground 5:** The sentence imposed in this case is void in violation of petitioner's state and federal rights to due process.

**Supporting Facts:** The trial court relied upon unconstitutional statutes when imposing the sentence.

**Ground 6**: Appellate counsel was ineffective in failing to raise trial counsel's failure to object to prosecutor misconduct. 6th and 14th Am. U.S. Constitution.

**Supporting Facts:** The prosecutor remarked to the jury, during summation, that petitioner's presence at his own trial allowed him to hear all of the evidence and then tailor his story to fit into that evidence.

**Ground 7:** The trial court violated defendant's state and federal rights against being put twice in jeopardy for the same offense. 5th and 14th Am. U.S. Const.

**Supporting Facts:** The trial court failed to merge the rape and kidnap counts 1-5 and the court failed to merge the multiple felonious assault and attempted felonious assault counts 6-8 when the offenses are clearly allied offenses of similar import in violation of state and federal double jeopardy prohibitions.

**Ground 8:** Trial counsel was ineffective in violation of petitioner's 6th and 14th Am. rights to the effective assistance of counsel. U.S. Con. 6th and 14th Am.

**Supporting Facts**: Trial counsel was ineffective at trial when counsel requested a jury instruction for "self-defense" in relation to

the attempted felonious assault charge when petitioner never claimed to have committed attempted felonious assault in self-defense and, in fact, petitioner denied having committed attempted felonious assault at all.

**Ground 9:** Appellate counsel was ineffective in failing to raise trial counsel's ineffectiveness in not challenging a sentence imposed for allied offenses and allied offenses of similar import in violation of appellant's state and federal rights to the effective assistance of counsel where the sentences imposed violate state and federal double jeopardy prohibitions.

**Supporting Facts:** The trial court imposed multiple sentences for offenses that were clearly 'allied' in violation of state and federal double jeopardy prohibitions. The multiple rape counts should have merged with the kidnap counts and the multiple felonious assault counts should have merged with each other as well as with the attempted felonious assault count. Appellate counsel should've challenged trial counsel's failure to raise this issue.

**Ground 10:** The evidence at trial was insufficient to sustain the conviction of 'attempted felonious assault' in violation of petitioner's state and federal rights to due process.

**Supporting Facts:** There was absolutely no evidence presented at trial to prove that petitioner 'attempted' to suffocate his accuser with a pillow.

(Petition, ECF No. 1, PageID 5-16.)

Petitioner has expressly waived Grounds for Relief Four, Five, Six, Eight, and Ten (Reply, ECF No. 20, PageID 1723) and they will not be considered further.

**Underlying Offense Conduct**

On September 28, 2004, a jury in Montgomery County, Ohio convicted Henley of one count of kidnapping, four counts of rape, two counts of felonious assault, and one count of attempted felonious assault. The convictions stemmed from an incident occurring on the morning

of May 24, 2004, when Henley offered the victim a ride home after her restaurant shift. On the pretext of needing to use the restroom, Henley gained access to her apartment. Henley raped the victim multiple times, after binding her mouth and hands with duct tape. He held a knife against her, threatening to kill her, and then attempted to suffocate her with a pillow. When she tried to escape, he also choked her and stabbed her. See *State v. Henley,* No. 20789, 2005-Ohio-6142, 2005 Ohio App. LEXIS 5531, at *2-9 (2nd Dist. Nov. 18, 2005).

There is an extended procedural history in this case which will be referred to as necessary as it relates to particular grounds for relief.

# Analysis

**Ground One: Violation of Right to Jury Determination**

In his First Ground for Relief, Petitioner asserts the trial court violated his Sixth Amendment right to trial by jury by imposing a sentence and sexual predator designation on facts not found by the jury.

Respondent asserts the Court lacks subject matter jurisdiction to consider this claim because Henley is no longer in custody on his rape and kidnapping convictions. Petitioner replies with controlling precedent, *Garlotte v. Fordice*, 515 U.S. 39 (1995). The Magistrate Judge concludes the Court has subject matter jurisdiction over Ground One.

Respondent asserts this Court lacks authority to grant relief on Henley's claim that he was

improperly classified as a sexual predator, relying on *Bevins v. Brunsman*, 2009 WL 5612338 (S.D. Ohio Dec. 17, 2009), quoting *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002). *Leslie* holds the restrictions on liberty of a classified sexual offender do not rise to the level of placing or keeping the offender in custody. 296 F.3d at 522-23. Under *Garlotte*, because Henley remains in custody on a consecutive sentence, he could attack in habeas the underlying rape conviction, but not the sexual predator classification.

In his appeal from denial of his prior habeas petition, Henley made the claim that it was ineffective assistance of appellate counsel to fail to argue that his trial attorney provided ineffective assistance by not objecting that the sexual predator classification violated the rule in *Blakely v. Washington*, 542 U.S. 296 (2004). Henley relies on Judge Merritt's dissent in the case in which he opined that *Blakely* prevented the Ohio courts from making the sexual predator determination without submitting the question to the jury. But it is the majority opinion in the prior appeal that binds this Court; we are not free to follow the dissent. Henley points to no authority since his prior appeal that has adopted Judge Merritt's position.

Respondent relies on the majority decision in the prior appeal, as well as other prior rulings in the first case, to assert Ground One is barred by the law of the case doctrine (Return, ECF No. 13, PageID 431-33). Henley responds that law of the case doctrine does not apply because there is a new intervening judgment, relying on *In re Stansell*, 828 F.3d 412 (6th Cir. 2016). *Stansell* holds that the intervening judgment resets the AEDPA one-year statute of limitations in habeas corpus and also prevents a new habeas petition from being second or successive and therefore requiring permission from the circuit court to proceed. But *Stansell* does not control application of the law of the case doctrine.

Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6ᵗʰ Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1ˢᵗ Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6ᵗʰ Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6ᵗʰ Cir. 2005). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6ᵗʰ Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

"Law of the case directs a court's discretion, it does not limit the tribunal's power." *Id.*, citing *Southern R. Co. v. Clift*, 260 U.S. 316, 319 (1922); *Messenger v. Anderson*, 225 U.S. 436 (1912); *see also Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 589-90 (6ᵗʰ Cir. 1995).

> While the "law of the case" doctrine is not an inexorable command, a decision of a legal issue establishes the "law of the case" and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.

*White v. Murtha*, 377 F.2d 428 (5ᵗʰ Cir. 1967), quoted approvingly in *Association of Frigidaire Model Makers v. General Motors Corp.*, 51 F.3d 271 (6ᵗʰ Cir. 1995).

The purpose of the doctrine is twofold: (1) to prevent the continued litigation of settled issues; and (2) to assure compliance by inferior courts with the decisions of superior courts. *United States v. Todd*, 920 F.2d 399 (6ᵗʰ Cir. 1990), *citing* Moore's Federal Practice. A generally liberal

view is expressed in *Gillig v. Advanced Cardiovascular Systems, Inc*. 67 F.3d 586 (6ᵗʰ Cir. 1995).

> "We generally will not disturb these [prior holdings] unless there is
> '(1) an intervening change of controlling law; (2) new evidence
> available; or (3) a need to correct a clear error or prevent manifest
> injustice.'" *Entm't Prods., Inc. v. Shelby Cnty.*, 721 F.3d 729, 742
> (6th Cir. 2013), *cert. denied*, 134 S.Ct. 906, 187 L.Ed.2d 778 (2014)
> (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*,
> 590 F.3d 381, 389 (6th Cir. 2009)).

*Howe v. City of Akron*, 801 F.3d 718, 741 (6ᵗʰ Cir. 2015).

> The doctrine of law of the case provides that the courts should not
> "reconsider a matter once resolved in a continuing proceeding." 18B
> CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND EDWARD H.
> COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND
> RELATED MATTERS § 4478 (4th ed. 2015). "The purpose of the law-
> of-the-case doctrine is to ensure that 'the *same* issue presented a
> second time in the *same case* in the *same court* should lead to the
> *same result*.'" *Sherley v. Sebelius*, 689 F.3d 776, 780, 402 U.S. App.
> D.C. 178 (D.C. Cir. 2012) (quoting *LaShawn A. v. Barry*, 87 F.3d
> 1389, 1393, 318 U.S. App. D.C. 380 (D.C. Cir. 1996)). For a prior
> decision to control, the prior tribunal must have actually decided the
> issue. WRIGHT ET AL., *supra*, § 4478. "A position that has been
> assumed without decision for purposes of resolving another issue is
> not the law of the case." *Id.* "An alternate holding, however, does
> establish the law of the case." *Id.* Unlike claim preclusion, the law
> of the case does not apply to issues that a party could have raised,
> but did not. *Id.* The law-of-the-case doctrine is a prudential practice;
> a court may revisit earlier issues, but should decline to do so to
> encourage efficient litigation and deter "indefatigable diehards." *Id.*

*Id.* at 739-740.

The law of the case doctrine is not an appropriate basis for denying relief when the statement

of the law in an appellate opinion is both dictum and in error. *Landrum v. Anderson*, 813 F.3d 330

n.1 (6ᵗʰ Cir. 2016), citing *United States v. McMurray*, 653 F.3d 367 (6ᵗʰ Cir. 2011).

Petitioner relies on *Rosales-Garcia v. Holland*, 322 F.3d 386 (6ᵗʰ Cir. 2003)(*en banc*), where

the Sixth Circuit expressed doubts about the straightforward application of law of the case doctrine

to successive habeas corpus cases involving the same petitioner.

7

> [I]t is not at all clear to us that the law-of-the-case doctrine should apply to successive habeas petitions. "Law-of-the-case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478 (2d ed. 2002). Whether successive habeas petitions constitute stages in a single, continuing lawsuit is a question that should be carefully considered. See *Lacy v. Gardino,* 791 F.2d 980, 984-85 (1st Cir.), cert. denied, 479 U.S. 888, 93 L. Ed. 2d 259, 107 S. Ct. 284 (1986). Although we do not decide the question, we, like the First Circuit, think it likely that each habeas petition is a separate and distinct case. See id.; see also *McCleskey v. Zant*, 499 U.S. 467, 479-85, 113 L. Ed. 2d 517, 111 S. Ct. 1454 (1991) (explaining that the "abuse of the writ" doctrine arose because, "at common law, *res judicata* did not attach to a court's denial of habeas relief. [A] refusal to discharge on one writ [was] not a bar to the issuance of a new writ." (quotation omitted)); but cf. *Shore v. Warden, Stateville Prison*, 942 F.2d 1117, 1123 (7th Cir. 1991), cert. denied, 504 U.S. 922, 118 L. Ed. 2d 573, 112 S. Ct. 1973 (1992) ("The law of the case doctrine is applicable to habeas proceedings."); *Raulerson v. Wainwright*, 753 F.2d 869, 875 (11th Cir. 1985) (applying the law of the case doctrine to a successive habeas petition).

*Id.* at 398.

It is certainly correct that decisions on a prior habeas application attacking the same underlying convictions are not binding in the way a prior civil judgment is binding under *res judicata* doctrine. *Res judicata* traditionally does not apply in habeas, so a district court is free to re-think its own decisions on prior points of law in the same controversy. Nevertheless, Judge Sutton's observation in *Charles, supra*, is pertinent: we ought to 'treat the same litigants in the same case the same way throughout the same dispute.'" Although this is a "new" habeas case attacking a "new" sentencing entry, it is the same dispute the Court previously litigated. This Court should follow the decisions it previously made on points of law in this dispute unless one of the parties offers persuasive argument for a different result, e.g., that there is new controlling law from the circuit court or the Supreme Court.

A particular, more binding, part of law of the case is the so-called mandate rule. The basic

tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the

court of appeals. *United States v. Campbell,* 168 F.3d 263, 265 (6th Cir. 1999). The mandate rule

is a distinct concept which preserves the hierarchy of the court system. *Scott v. Churchill,* 377

F.3d 565, 570 (6th Cir. 2004).

> The law of the case doctrine provides that "when a court decides
> upon a rule of law, that decision should continue to govern the same
> issues in subsequent stages in the same case." *Scott v. Churchill,* 377
> F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California,* 460
> U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)). The
> doctrine precludes a court from reconsideration of issues "decided
> at an early stage of the litigation, either explicitly or by necessary
> inference from the disposition." *Hanover Ins. Co. v. Am. Eng'g Co.*,
> 105 F.3d 306, 312 (6th Cir. 1997) (quoting *Coal Res., Inc. v. Gulf &
> Western Indus., Inc.,* 865 F.2d 761, 766 (6th Cir. 1989)). Pursuant
> to the law of the case doctrine, and the complementary "mandate
> rule," upon remand the trial court is bound to "proceed in accordance
> with the mandate and law of the case as established by the appellate
> court." *Id.* (quoting *Petition of U.S. Steel Corp.,* 479 F.2d 489, 493
> (6th Cir.), cert. denied, 414 U.S. 859, 94 S. Ct. 71, 38 L. Ed. 2d 110
> (1973)). The trial court is required to "implement both the letter and
> the spirit" of the appellate court's mandate, "taking into account the
> appellate court's opinion and the circumstances it embraces." *Brunet
> v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995).

*Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006).

Denial of a certificate of appealability becomes the law of the case, binding in subsequent

stages of the litigation. *Dillingham v. Jenkins,* Case No. 17-3813 (6th Cir. Nov. 8, 2017)

(unreported; copy at ECF No. 65 in 3:13-cv-468), citing *Moore v. Mitchell*, 848 F.3d 774, 776 (6th

Cir. 2017).

Henley's First Ground for Relief relies on *Blakely, supra.* In that case the Supreme Court

held that any fact which increases the sentence beyond a legislatively mandated guideline, even if

within a statutory maximum for the offense, must be pleaded as an element in the indictment and

proved to the jury beyond a reasonable doubt. Construing Henley's *pro se* petition liberally, the

Magistrate Judge reads Ground One as pleading two possible *Blakely* violations, to wit, (1) that the sentence was improper and (2) the sexual predator classification was improper.

As to the first of these claims, Common Pleas Judge Dennis Langer made separately the findings required by Ohio law (Ohio Revised Code § 2929.11 and 2929.12) for imposing more than the minimum sentence, for imposing the maximum sentence, and for imposing consecutive sentences (State Court Record, ECF No. 16, PageID 481-85). It did not violate *Blakely* to have the trial judge make these findings. None of them were necessary to impose a mandatory minimum sentence. Compare *Alleyne v. United States*. 570 U.S. 99 (2013), overruling *Harris v. United States,* 536 U.S. 545 (2002). *Blakely* is not applicable to judicial factfinding that increases the minimum sentence. *Arias v. Hudson,* 589 F.3d 315 (6th Cir. 2009), *citing McMillan v. Pennsylvania*, 477 U.S. 79 (1986); *United States v. Harris*, 536 U.S. 545, 568 (2002); *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009).

*Blakely* has never been held applicable to factfinding required by state law to justify a maximum sentence so long as it is within the range provided by statute. Imposition of consecutive sentences for multiple offenses, based on facts found by the court rather than the jury, does not violate constitutional right to jury trial, since the jury historically played no role in determining consecutive or concurrent sentences and state had sovereign authority to administer its penal system. *Oregon v. Ice*, 555 U.S. 160 (2009). Thus nothing Judge Langer did in imposing a sentence for the crimes of conviction violates the rule in *Blakely*.

Henley also asserts that classifying him as a sexual predator required jury fact finding under *Blakely*. But classification as a sexual offender is not a punishment, but rather a collateral consequence of conviction of certain offenses. Further classification as a sexual predator does

require a judicial finding as was done here, but Henley cites no authority for the proposition that such a finding must be made by a jury. Indeed, as the Sixth Circuit noted in *Leslie, supra*, the Ohio Supreme Court has held that the sexual predator statute is remedial as opposed to punitive in nature. 296 F.3d at 522-23, citing *State v. Cook*, 83 Ohio St. 3d 404 (1998).

Considering the matter *de novo* and without parsing the extent to which law of the case doctrine may or may not suggest a different answer, the Magistrate Judge concludes Ground One is without merit and should be dismissed.

**Ground Two: Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Henley asserts his appellate counsel provided ineffective assistance when he failed to claim trial counsel was ineffective in failing to challenge judicial bias at sentencing and the *Blakely* error asserted in Ground One.

Respondent asserts this Court lacks jurisdiction to consider this claim because Henley is no longer in custody on the relevant charges and is barred under the law of the case doctrine (Return, ECF No. 13, PageID 432-33). For the reasons given as to Ground One, the Magistrate Judge concludes the Court has jurisdiction because Henley continues to serve a consecutive sentence.

However, the Magistrate Judge also concludes the law of the case is applicable to this claim because it is precisely the same claim that was before the Sixth Circuit on Henley's appeal from dismissal of his first case. The Sixth Circuit holding that Henley did not suffer ineffective assistance of appellate counsel as alleged here is directly in point.

11

Henley asserts "both this Court [presumably meaning the Magistrate Judge] and the District Court failed to comply with the Sixth Circuit mandate [in that they] failed to analyze the underlying claim of 'judicial bias' in relation to the claim that appellate counsel was ineffective in failing to challenge trial counsel's ineffectiveness in not challenging the judicial bias." (Reply, ECF No. 20, PageID 1736). No such mandate exists. The Sixth Circuit in *Henley v. Brunsman, supra,* merely ruled that "we affirm the district court's decision." There was no remand for any purpose.

Ground Two is without merit and should be dismissed.

## Ground Three:  Confrontation and Compulsory Process

In his Third Ground for Relief, Henley claims his constitutional rights to confront witnesses against him and compel witnesses in his behalf was violated in the manner in which the trial court restricted the testimony of Barbara Pettiford.

Respondent asserts there is applicable law of the case on this claim because it was previously pleaded as Ground Two in the prior case (Return, ECF No. 13, PageID 432). This claim was indeed made as part of Ground Two and the Magistrate Judge recommended deciding it as follows:

> **Ground 2(a): Exclusion of Part of the Testimony of Barbara Pettiford**
>
> After his sexual encounter with the victim and his alleged encounter with another male in the victim's apartment, Henley went to the apartment of his girlfriend, Barbara Pettiford. What he then said to Pettiford at her apartment was admitted in evidence, when elicited

from Pettiford at trial, under the excited utterance exception to the hearsay rule. Henley and Pettiford then drove to the Dayton Mall where Henley made additional statements about what happened; these were excluded by the trial court as no longer meeting the excited utterance exception.

Henley preserved this claim for federal review by raising it as his First Assignment of Error on direct appeal. The Ohio Court of Appeals did not decide the constitutional claim, leaving it for this Court to consider *de novo*.

A fair opportunity to present a defense in a criminal case is of course a constitutional right. *Baze v. Parker*, 371 F.3d 310 (6th Cir. 2004), *citing Crane v. Kentucky*, 476 U.S. 683, 690, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986). Presenting relevant evidence is integral to that right. *Taylor v. Illinois*, 484 U.S. 400, 409-09, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988). Few rights are more fundamental than that of an accused to present witnesses in his own defense. *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). However, a defendant must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence. *Id.* The right to present relevant evidence is not unlimited, but subject to reasonable restrictions. *United States v. Scheffer*, 523 U.S. 303, 308, 118 S. Ct. 1261, 140 L. Ed. 2d 413 (1998), and may bow to accommodate other legitimate interests in the criminal trial process. *Rock v. Arkansas*, 483 U.S. 44, 55, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987).

The hearsay rule is a long-standing rule of evidence both at English common law and in the United States. There is no doubt that the evidence Henley attempted to present through Pettiford was hearsay: an out-of-court statement that Henley made to Pettiford, offered to prove the truth of the content of the statement, to wit, that Henley was himself the victim of attempted robbery by the victim's male accomplice. See Ohio R. Evid. 801. Petitioner presents no law establishing a constitutionally-mandated [sic] hearsay exception for criminal defendants. In fact, hearsay restrictions are often more rigidly enforced in criminal cases to protect defendants. See, e.g, *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). One purpose of the hearsay rule is to subject hearsay declarants to cross-examination. Therefore, exclusion of hearsay which constitutes justificatory narrative spoken by a criminal defendant is particularly well suited to make trial results reliable, since a defendant cannot be compelled to take the stand and be cross-examined himself on any explanation he may have given to a

> third party. There was no violation of Petitioner's constitutional right
> to present a defense in the trial court's exclusion of part of the
> hearsay offered through Pettiford. Ground for Relief 2 (a) is without
> merit.

*Henley v. Moore*, 2007 U.S. Dist. LEXIS 96373, *40-42 (S.D. Ohio June 28, 2007). Thus Henley

received *de novo* consideration of this claim in his prior case. Although District Judge Rice, to

whom the prior case was assigned, rejected the Magistrate Judge's Rule 26(B) analysis, he adopted

this conclusion on Ground Two and denied a certificate of appealability on this Ground. *Henley*

*v. Moore,* 2008 U.S. Dist. LEXIS 8371 (S.D. Ohio Feb. 5, 2008). Henley sought an expansion of

the certificate of appealability from the Sixth Circuit which that court declined to grant. *Henley v.*

*Moore,* Case No. 08-3288 (Order of Oct. 7, 2008)(unreported; available from the Sixth Circuit).

The determination to deny a certificate of appealability means the Sixth Circuit decided the issues

not certified were not even debatable among jurists of reason. As noted above, a decision denying

a certificate of appealability becomes part of the law of the case. *Dillingham, supra*.

Having reconsidered the question in light of Petitioner's Reply, the Magistrate Judge

remains persuaded of the correctness of his prior recommendation. It is within the function of an

Ohio trial judge, as it is with federal trial judges, to make an initial determination of the

admissibility of proffered evidence. Here Judge Langer accepted what Henley first said to

Pettiford as an excited utterance, but declined to find the later statements were excited utterances.

No authority cited by Henley compels the admission of a defendant's own hearsay statements to

another person when made outside the traditional parameters of excited utterance. There is

therefore no reason to depart form the law of the case on this issue. Ground Three is without merit

and should be dismissed.

**Ground Seven:  Double Jeopardy**

In his Seventh Ground for Relief, Petitioner asserts the trial court violated his right to protection against being placed twice in jeopardy when it refused to merge the rape and kidnapping offenses and the assault offenses under Ohio Revised Code § 2941.25.

Respondent asserts there is applicable law of the case on this claim, stating it was Ground 2(d) in the original petition (Return, ECF No. 13, PageID 432).  In the prior case, Henley argued this solely as a claim under the Ohio Revised Code and not as a Double Jeopardy violation.  On that basis the Magistrate Judge recommended dismissal because claims under Ohio Revised Code § 2941.25 are not cognizable as federal habeas claims.  *Henley v. Moore,* 2007 U.S. Dist. LEXIS 96373 *43-44 (S.D. Ohio June 28, 2007).  Judge Rice accepted this portion of the Report and the Sixth Circuit denied a certificate of appealability.  The law of the case would therefore bar this claim as it is made under Ohio Revised Code § 2941.25.

Henley's Reply spends time discussing the allied offenses issue, which is not by itself a question of federal constitutional law (Reply, ECF No. 20, PageID 1759-61).  That is, not every violation of Ohio Revised Code § 2941.25 will also violate the Double Jeopardy Clause.  But Henley is correct that the Sixth Circuit has held that a state court decision that solely considers and rejects a § 2941.25 challenge is dispositive of the Double Jeopardy claim.  *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014).

On direct appeal to the Ohio Court of Appeals for the Second District, Henley raised the failure to merge the rape and kidnapping charges as part of his Third Assignment of Error.  The

Second District decided the claim as follows:

[*P38]  First, Henley contends that the trial court erred by failing to merge the offenses of Rape and Kidnapping as allied offenses of similar import. Henley concedes that we must review this issue under the plain error standard since he failed to bring the error to the attention of the trial court.

[*P39]  In this case, we find that the trial court did err by failing to merge these two offenses. However, we cannot say that this failure rises to the level of plain error. "To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings." *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 2002 Ohio 68, 759 N.E.2d 1240. The issue of whether a kidnapping offense merges with a rape offense when the two offenses are committed during the same general course of conduct is inherently fact-sensitive and difficult. The Ohio Supreme Court has adopted the following guidelines:

[*P40]  "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

[*P41]  "(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions." *State v. Logan* (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345, syllabus.

[*P42]  The cases cited by the parties in the case before us are a testament to the fineness with which these distinctions are made. The State cites *State v. Logan,* supra, *State v. Collins* (4th District), 2002 Ohio 3212, and *State v. Payton* (5th District), 2005 Ohio 737. In the first two of these cases, the Kidnapping and Rape offenses were merged; in the third, they were not merged. Although the State argues that these cases are readily distinguishable, and that the case before us is more like *State v. Payton,* supra, where the offenses were not merged, in our view the three cases are difficult, if not impossible, to distinguish on their facts. Taken together, they demonstrate, to our satisfaction, that the trial court's error, in the case

before us, in failing to merge the Kidnapping and Rape offenses on the facts before us, was anything but obvious. Fortunately for Henley, the sentences for these two offenses were ordered to be served concurrently, rather than consecutively.

[*P43] Although we conclude that the trial court did err by failing to merge the Kidnapping and Rape offenses, we conclude that this error is not sufficiently obvious to constitute plain error.

*State v. Henley*, 2005-Ohio-6142, 2005 Ohio App. LEXIS 5531 (2nd Dist. Nov. 18, 2005).

Henley, satisfied with the Second District's conclusion that rape and kidnapping in this case were allied offenses of similar import, wants this Court to accept that finding but overrule the Second District's conclusion that it was not plain error (Reply, ECF No. 20, PageID 1760). This Court should not do so for two reasons. First of all, the Second District found as a matter of fact that Henley had conceded the needed to show plain error. *Id.* at ¶ 38. This state court finding of fact is binding on us unless Henley can show it is erroneous by clear and convincing evidence, which he has not attempted to do. Second, the question whether this was plain error is a question of state law under Ohio R. Crim. P. 52 on which we are bound by state court rulings.

Henley argues that the Second District's finding that there was no plain error implies a finding of harmlessness (Reply, ECF No. 20, PageID 1762). This is incorrect. These are separate considerations and the Second District said nothing about harmlessness.

Henley claims under this Ground for Relief that his two felonious assault convictions, to wit, for causing serious physical harm under Ohio Revised Code § 2903.11(A)(1) and for use of a deadly weapon under Ohio Revised Code § 2903.11(A)(2) should be merged (Reply, ECF No. 20, PageID 1763-65). Henley asserts the Second District "was silent and failed to address this particular issue of the two felonious assault counts being merged with each other." (Reply, ECF

No. 20, PageID 1764). However, Henley did not raise this issue on direct appeal. His Brief

addresses only merger of felonious assault convictions with the attempted felonious assault

conviction, but not with each other:

> Next, it is respectfully submitted that the trial court erred in
> sentencing Mr. Henley for the offenses of felonious assault and
> attempted felonious assault. Upon a review of the elements of the
> aforementioned charges, this Court will see that the trial court erred
> in sentencing Mr. Henley for both offenses fo [sic] felonious assault
> and attempted felonious assault. As previously set forth herein,
> undersigned counsel would request this Court review the standard
> as set forth in *State v. Jones* (1997), 78 Ohio St.3d 12, wherein it
> was indicated that Courts should assess, by aligning the elements of
> each crime the abstract, whether the statutory elements of the crimes
> "correspond to such a degree that the commission of one crime will
> result in the commission of the other." *Jones, supra*. It is
> respectfully submitted that there is no better example of allied
> offenses of similar import than in the case of felonious assault and
> attempted felonious assault. Specifically, it is submitted that this
> very charge may be even more compelling than most statutes
> inasmuch as the felonious assault statute has the "attempt" language
> already set forth in the body of the statute. Therefore, based on the
> foregoing, it is clear that these offenses, which are found in Counts
> six, seven and eight of the indictment are allied offenses of similar
> import. Additionally, under the standards as set forth herein, it is
> respectfully submitted that it is clear that the charges against Mr.
> Henley (as in the case of *Collins*) arose from a single incident and
> therefore, he did not commit the offenses separately. See; *State v.
> Collins* 2002-0hio-321. Based on the foregoing, it is respectfully
> submitted that the trial court erred in determining that Mr. Henley
> could be convicted of and sentenced consecutively for the offenses
> of felonious assault and attempted felonious assault.

(Appellant's Brief, State Court Record, ECF No. 16, PageID 520-21.) This issue of the merger of

the convictions under Ohio Revised Code § 2903.11(A)(1) and (A)(2) is plainly available on the

face of the appellate record, but was not raised and is therefore procedurally defaulted.

As just quoted, Henley did raise on direct appeal his claim that the felonious assault

conviction and the attempted felonious assault conviction should have been merged. The Second

District rejected this claim on the merits:

[*P44]  Next, Henley contends that the trial court committed plain error by failing to merge the offenses of Felonious Assault and Attempted Felonious Assault. We find no support for this argument. Henley's act of attempting to suffocate the victim with a pillow -- Attempted Felonious Assault -- is distinct and separate from his act of stabbing the victim -- Felonious Assault. We conclude that each of these two acts could reasonably be considered as having a separate and distinct animus. Thus, we find no error, and certainly no plain error, in the trial court's failure to merge these counts.

*State v. Henley*, 2005-Ohio-6142, 20015 Ohio App. LEXIS 5531 (2nd Dist. Nov. 18, 2005).

Henley argues the Second District should have applied the comparison-of-elements test of *State v. Rance*, 85 Ohio St. 3d 632 (1999), in deciding this issue (Reply, ECF No. 20, PageID 1768).  The Supreme Court of Ohio has abandoned the *Rance* approach to determining legislative intent in *State v. Johnson*, 128 Ohio St. 3d 153 (2010).  *Rance* would have been the controlling precedent at the time Henley's case was before the Second District.  This fact is unavailing to Henley, however, because a comparison of elements is immaterial.  Under Ohio Revised Code § 2941.25, the first question is whether one is dealing with the same "conduct" or "act" of a defendant.  In *Rance*, for example, there was only one act of the defendant which was charged both as involuntary manslaughter and aggravated robbery.  In this case as the Second District recounted the testimony, the attempted suffocation occurred during the rape after the victim accidentally urinated.  The stabbing occurred later after the victim free her hands, broke out the bedroom window to cry for help, and then grabbed Henley in the genitals.  The Second District decided these were separate acts with distinct animus.  *Id.*

Under *Jackson v. Smith,* 745 F.3d 206 (6th Cir. 2014), this constitutes a decision on the merits of Henley's Double Jeopardy claim which is entitled to deference under the AEDPA unless it is an objectively unreasonable application of clearly established United States Supreme Court

precedent. Henley has not shown that it is.

Ground Seven should therefore be dismissed with prejudice.

## Ground Nine:  Ineffective Assistance of Appellate Counsel

In his Ninth Ground for Relief, Henley claims he received ineffective assistance of appellate counsel when his appellate attorney failed to claim his trial counsel provided ineffective assistance of trial counsel when he did not object to sentences imposed in violation of Ohio Revised Code § 2941.25 and the Double Jeopardy Clause.

Respondent notes that Henley raised this claim in his Application to Reopen his direct appeal under Ohio R. App. P. 26(B).  In that pleading he complained of the failure to merge the four rape counts.  The Second District decided that these four counts were for separate offenses:

> Henley was convicted of four counts of Rape. Specifically, he was convicted of committing Rape by vaginal intercourse, anal intercourse, insertion of his tongue into the anal cavity and Insertion of his tongue into the vaginal cavity. Each of these offenses have distinct elements that do not correspond to such a degree that commission of one crime will result in commission of the other crime. In other words, the commission of oral Rape does not constitute commission of vaginal Rape, and neither of those constitute anal Rape. The argument Henley seeks to make has been rejected by this court, as well as the Ohio Supreme Court. See, *State v. Burgess*, 162 Ohio App. 3d 291, 2005-Ohio-3747, ¶¶ 33-36; *State v. Nicholas* (1993), 66 Ohio St.3d 431.

*State v. Henley*, Case No. 20789 (2nd Dist. Apr. 10, 2006)(unreported; copy at State Court Record ECF No. 16, PageID 721).  Thus the Second District decided that, because these four rapes were separate offenses, it was not ineffective assistance of trial counsel to fail to move to merge them, and not ineffective assistance of appellate counsel to fail to complain of trial counsel's omission.

Henley has not demonstrated this is an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), as it applies to appellate counsel.

Henley also complained in his 26(B) Application of the failure to merge the two counts of felonious assault. The Second District found "given that trial court merged the convictions and sentences for these two offenses, we fail to see how Henley has been prejudiced by the failure to raise the matter on direct appeal." *State v. Henley*, Case No. 20789 (2nd Dist. Apr. 10, 2006)(unreported; copy at State Court Record ECF No. 16, PageID 722). Henley argues that this is a misreading of the trial court record and that, instead, the trial court ordered the sentences on Counts 6 and 7 to be served concurrently and did not merge them (Reply, ECF No. 20, PageID 1764). The Amended Termination Entry of November 24, 2004, reflects concurrent sentences for Counts 6 and 7 (State Court Record, ECF No. 16, PageID 489).

This factual error by the Second District does not entitle Henley to habeas corpus relief, however. The cited decision on the 26(B) application constitutes a ruling on the merits of this particular claim. Under *Harrington v. Richter*, 562 U.S. 86, 103 (2011), this Court must defer to that decision unless it is not supportable by any reasonable theory on which the Second District could have relied.

In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S.Ct. 383, 175 L.Ed.2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S.Ct. 2052, 80 L.Ed.2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. *Id*., at 696, 104 S.Ct. 2052, 80 L.Ed.2d 674. This does not require a showing that

counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S.Ct. 2052, 80L.Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S.Ct. 2052, 80 L.Ed.2d 674.*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Harrington* v. *Richter*, 562 U.S. [86, 103,] 131 S.Ct. 770, 178 L.Ed.2d 624, 641 (2011). "If this standard is difficult to meet"—and it is—"that is because it was meant to be." *Id.,* at [102], 131 S.Ct. 770, 178 L.Ed.2d 624, 641. We will not lightly conclude that a State's criminal justice system has experienced the "extreme malfunctio[n] [sic]" for which federal habeas relief is the remedy. *Id.,* . . . , 131 S.Ct. 770, 178 L.Ed. 2d 624, 641 (internal quotation marks omitted).

*Burt v. Titlow*, 571 U.S. 12, 19-20 (2013).

In assessing an ineffective assistance of appellate counsel claim, the *Strickland* standard of deficient performance and prejudice is applicable. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), citing *Wilson v. Parker*, 515 U.S. 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*., *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling

that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986). "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008).

Ineffective assistance of trial counsel for failure to argue for merger of Henley's two felonious assault convictions was far from the strongest argument available on appeal. For example, Henley's *Blakely* argument regarding sexual predator classification was strong enough to draw a dissent on appeal from Judge Merritt. The assignment of error about excluding part of the testimony of Barbara Pettiford also seems stronger. Because appellate counsel did not perform deficiently in omitting this claim, the Second District's rejection of this claim of ineffective assistance of appellate counsel is not objectively unreasonable. Ground Nine should be dismissed as without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 23, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).