# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN DAMONT HENLEY,

Petitioner, : Case No. 3:17-cv-421

\- vs - District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

DAVID MARQUIS, Warden,
Richland Correctional Institution
:
Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 24) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (the "Report," ECF No. 21). Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 25).

This is Henley's second habeas petition attacking this conviction. In Case 3:07-cv-031, District Judge Rice dismissed the Petition with prejudice and granted a certificate of appealability (ECF No. 27, 28). Henley appealed and the Sixth Circuit affirmed. *Henley v. Brunsman*, 379 Fed. App'x 479, 2010 U.S. App. LEXIS 11224 (6th Cir. June 2, 2010). The instant Petition is not "second or successive," however, because there has been an intervening judgment in the case (State Court Record, ECF No. 12, PageID 230).

**Ground One: Violation of Sixth Amendment Right to Jury Determination of Facts**

In his First Ground for Relief, Petitioner asserts the trial court violated his Sixth Amendment right to trial by jury by imposing a sentence and sexual predator designation on facts not found by the jury. Because this is Henley's second habeas corpus petition attacking this conviction, the Report discussed the law of the case doctrine at some length, but ultimately concluded Ground One was without merit "without parsing the extent to which law of the case doctrine may or may not suggest a different answer." (Report, ECF No. 21, PageID 1783).

Henley's First Ground for Relief relies on *Blakely v. Washington*, 542 U.S. 296 (2004). The Magistrate Judge had understood Henley to be challenging, under *Blakely*, judicial factfinding for purposes of Ohio Revised Code §§ 2929.11 and 2929.12 (See Report, ECF No. 21, PageID 1782), but Henley now says he "made no such challenge as he is quite aware that" those two sections of Ohio sentencing law are unaffected by the application of *Blakely*." (Objections, ECF No. 24, PageID 1800.)

Instead Henley says that he is challenging judicial factfinding for purposes of Ohio Revised Code §§ 2929.14(B), 2929.14(C), and 2929.14(E)(4). *Id.* at PageID 1800-01. Specifically, he asserts the *Blakely* violations occurred when Common Pleas Judge Langer relied on facts not found by the jury

> (1) to exceed the statutorily presumed minimum sentence "by finding the minimum prison term would demean the seriousness of the offense (Ohio Revised Code § 2929.14(B));
>
> (2) to find that Petitioner had the greatest likelihood of recidivism, thus allowing a maximum sentence (Ohio Revised Code § 2929.14(C); and

(3) to make several findings supporting the imposition of consecutive sentences (Ohio Revised Code § 2929.14(E)(4).

(Objections, ECF No. 24, PageID 1801). Henley claims these three statutes were found to violate *Blakely* by *State v. Foster*, 109 Ohio St. 3d 1 (2006).

The relevant portions of the syllabus in *Foster* read:

> 1. Because R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional. (*Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, followed.).
>
> 2. R.C. 2929.14(B) and (C) and 2929.19(B)(2) are capable of being severed. After the severance, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant. (*United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, followed.).
>
> 3. Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional. (*Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, followed.).
>
> 4. R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed. After the severance, judicial fact-finding is not required before imposition of consecutive prison terms. (*United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, followed.).
>
> * * *
>
> 7. Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.

*Foster*, 109 Ohio St. 3d at 1. Thus to the extent the relevant Ohio sentencing statutes **required** that certain facts be found before certain sentences could be imposed, the Ohio Supreme Court concluded in *Foster* that the provision for judicial factfinding was unconstitutional under *Blakely*. Then the court applied a remedy parallel to that used by the United States Supreme Court with the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005): findings of fact of the sort prescribed by the statutes were no longer required to be made by judge or jury and the judge could impose a sentence anywhere between the statutory minimum sentence and the statutory maximum sentence.

Henley was sentenced before *Foster* was decided and Judge Langer made the findings then understood to be required to authorize a greater than minimum sentence, a maximum sentence, and consecutive sentences (State Court Record in 3:07-cv-031, ECF No. 6, Exhibits 5, 6, and 7). But by applying the *Booker* severance remedy, the *Foster* court made these prior findings irrelevant because they were no longer required by Ohio law. *Blakely* error occurring prior to *Foster* is rendered harmless by the *Foster* decision. *Brown v. Moore*, Case No. 08-3289, 2008 U.S. App. LEXIS 27094 (6th Cir. Sept. 19, 2008).

The Objections accuse the Magistrate Judge of not recognizing that *Alleyne v. United States*. 570 U.S. 99 (2013), overruled *Harris v. United States*, 536 U.S. 545 (2002). But the Report actually cites *Alleyne* for overruling *Harris* (ECF No. 21, PageID 1782).

The Report also cites *Arias v. Hudson*, 589 F.3d 315 (6th Cir. 2009), for the proposition that *Blakely* is not applicable to judicial factfinding that in support of a sentence above the mandatory minimum. *Id.* Henley discounts *Arias* on the ground that Arias waived his Sixth Amendment rights and Henley never did (Objections, ECF No. 24, PageID 1801). That misreads *Arias*. Petitioner there was convicted by a jury. 589 F.3d at 316. *Blakely* was decided while the *Arias*

case was on appeal, but the state courts decided Arias had procedurally defaulted, not waived, his *Blakely* claim. While the District Court granted habeas relief, the Sixth Circuit reversed, finding *Blakely* did not require jury factfinding to impose consecutive sentences. The only waiver in *Arias* was of a jury finding not relevant in this case.

Henley also argues that *Oregon v. Ice*, 555 U.S. 160 (2009), is inapplicable to Ohio's sentencing scheme because the Ohio Supreme Court so held in *State v. Hodge*, 128 Ohio St. 3d 1 (2010). What that court actually held was that *Ice*, decided after *Foster*, did not revive the factfinding requirements in Ohio Revised Code § 2929.14(E)(4) and 2929.41(A) which had been severed in *Foster*. Thus, after *Ice* there were both Ohio Supreme Court (*Foster*) and United States Supreme Court (*Ice*) holdings that jury factfinding was not necessary for imposition of consecutive sentences.

Petitioner's Objections to the Report as to Ground One are without merit.

**Ground Two: Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Henley claims he received ineffective assistance of appellate counsel when his appellate attorney did not raise the *Blakely* claim made in Ground One and did not raise a claim of judicial bias on the part of the trial judge.

The Report concluded that the law of the case governed the first sub-claim because it had been before the Sixth Circuit on the prior appeal (Report, ECF No. 21, PageID 1783). As to the judicial bias claim, Henley asserted this Court had failed to follow the Sixth Circuit's mandate on remand of the prior case and the Report concluded there no such mandate. *Id.* at PageID 784.

Henley objects that the law of the case doctrine does not absolutely bar reconsideration of

issues decided on a prior appeal, citing *Allen v. Westbrooks*, 700 Fed. Appx. 406 (6th Cir. 2010), and *Rose v. Warden*, Case No. 1:15-cv-353, 2017 U.S. Dist. LEXIS 152979 (S.D. Ohio Sept. 20, 2017)(Black, J.).

The only holding in *Allen* is that the second-or-successive doctrine did not bar Allen's challenge in light of *King v. Morgan*, 807 F. 3d 154 (6th Cir. 2015). The language about law of the case probably not applying in subsequent habeas cases where the second-or-successive bar does not apply is quoted from *King*, but does purport to speak to habeas practice generally. *King*, however, did not have a prior federal circuit opinion on the merits of the question presented a second time; the Sixth Circuit had denied a certificate of appealability on King's first attempted appeal. 807 F.3d at 156. In this case the prior Sixth Circuit opinion is directly on the merits of Henley's claim that it was ineffective assistance of appellate counsel not to raise a *Blakely* claim on direct appeal.

Judge Sutton wrote the language about the law of the case "likely" not applying on a second habeas petition. But it was also Judge Sutton, writing directly on the import of the law of the case, who said, "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

Judge Black in *Rose* does not engage in discussion of law of the case.

The Report quotes the following Sixth Circuit opinion on law of the case:

> The doctrine of law of the case provides that the courts should not "reconsider a matter once resolved in a continuing proceeding." 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS § 4478 (4th ed. 2015). "The purpose of the law-of-the-case doctrine is to ensure that 'the *same* issue presented a

> second time in the *same case* in the *same court* should lead to the *same result*.'" *Sherley v. Sebelius*, 689 F.3d 776, 780, 402 U.S. App. D.C. 178 (D.C. Cir. 2012) (quoting *LaShawn A. v. Barry*, 87 F.3d 1389, 1393, 318 U.S. App. D.C. 380 (D.C. Cir. 1996)). For a prior decision to control, the prior tribunal must have actually decided the issue. WRIGHT ET AL., *supra*, § 4478. "A position that has been assumed without decision for purposes of resolving another issue is not the law of the case." *Id.* "An alternate holding, however, does establish the law of the case." *Id.* Unlike claim preclusion, the law of the case does not apply to issues that a party could have raised, but did not. *Id.* The law-of-the-case doctrine is a prudential practice; a court may revisit earlier issues, but should decline to do so to encourage efficient litigation and deter "indefatigable diehards." *Id.*

*Howe v. City of Akron*, 801 F.3d 718, 739-40 (6th Cir. 2015).

Treating law of the case as a prudential doctrine and not an "inexorable command" in this case, Henley has offered no good reason that this Court should not reach the same conclusion on his *Blakely* ineffective assistance of appellate counsel claim as it did before. The *Blakely* claim is still without merit. Raising it on direct appeal would not have resulted in a different outcome and it was therefore, considered *de novo*, not ineffective assistance of appellate counsel to fail to raise it.

Henley's second claim of ineffective assistance of appellate counsel is that his attorney failed to raise a claim of judicial bias on Judge Langer's part. He asserts this sub-claim was not before the Sixth Circuit on the prior appeal and therefore should be considered here *de novo* under *Coley v. Bagley*706 F.3d 741 (6th Cir. 2013). In his Reply, Henley had asserted "both this Court [presumably meaning the Magistrate Judge] and the District Court failed to comply with the Sixth Circuit mandate [in that they] failed to analyze the underlying claim of 'judicial bias' in relation to the claim that appellate counsel was ineffective in failing to challenge trial counsel's ineffectiveness in not challenging the judicial bias." (Reply, ECF No. 20, PageID 1736.) The Report rejected this claim because there was no such mandate (Report, ECF No. 21, PageID 1784.

The Objections do not argue that point, but assert the underlying judicial bias claim must be analyzed to determine if it was ineffective assistance of appellate counsel not raise it on direct appeal.

In the prior case the undersigned found the claim of judicial bias was procedurally defaulted because it was not raised on direct appeal and not "resurrected" by pleading it as a claim underlying the ineffective assistance of appellate counsel claim relating to it. *Henley v. Moore*, Case No. 3:97-cv-031, 2007 U.S. Dist. LEXIS 96373 at*29 (S.D. Ohio June 28, 2007). In his Reply, Henley argued District Judge Rice had rejected that point because the Second District Court of Appeals had addressed this claim on the merits (ECF No. 20, PageID 1736, citing *Henley v. Moore*, Case No. 3:07-cv-031, 2008 U.S. Dist. LEXIS 8371 *3 (S.D. Ohio Feb. 5, 2008). Judge Rice did find, however, that the Second District's rejection of this claim on the merits was entitled to deference under the AEDPA. *Id.*

The relevant opinion of the Second District is *State v. Henley*, Case No. 20789 (Ohio App. 2nd Dist. Apr. 10, 2006)(unreported; copy at State Court Record, ECF No. 6-14 in Case No. 3:07-cv-031, PageID 186, et seq.). The phrase "judicial bias" is not mentioned in the opinion. Henley's Application for Reopening is at ECF No. 6-2 in the prior case at Exhibit 23. At page three of his Application, Henley accuses Judge Langer of inappropriately relying on other bad acts to enhance the sentence, but makes no accusation of judicial bias or of ineffective assistance of appellate counsel for failing to claim that it was ineffective assistance of trial counsel not to make the bias accusation.

After the Sixth Circuit's decision in his first case, Henley very explicitly raised the issue of judicial bias as reflect in the State Court Record filed in this case (ECF No. 12). He filed an Affidavit of Disqualification in the Supreme Court of Ohio. *Id.* at PageID 71-77. The Chief

Justice, to whom such matters are committed, denied the Application because it was filed almost seven years after the relevant facts became known to Henley. *Id.* at PageID 78-79. He filed another Affidavit of Disqualification in the Common Pleas Court that Presiding Judge Barbara Gorman denied for lack of jurisdiction. *Id.* at PageID 83-90. Judge Langer denied a motion to recuse on the same basis. *Id.* at PageID 111.

Finally on July 21, 2016, Henley filed his Motion to Vacate a Void Judgment, claiming Judge Langer had failed to notify him of mandatory post-release control. *Id.* at PageID 224-29. In response Judge Langer entered the Amended Termination Entry that prevents the instant habeas Petition from being second or successive. *Id.* at PageID 230-33. On appeal Henley raised judicial bias as his Seventh Assignment of Error . *Id.* at PageID 245. The Second District denied that Assignment of Error because it was not raised in Henley's Motion to Vacate Void Judgment filed July 21, 2016, and because it was barred by *res judicata* because it could have been raised on the original direct appeal but was not. *State v. Henley*, 2017-Ohio-5828 ¶¶ 31-33 (Ohio App. 2nd Dist. Jul. 14, 2017).

Considering the question *de novo*, then, Henley's claim of judicial bias is barred by Henley's procedural default detailed by the Second District. It is also barred by the Ohio doctrine of *res judicata* in criminal cases by Henley's failure to raise it on the first appeal. Finally, it is barred by the independent procedural default found by Chief Justice O'Connor when she found his Affidavit of Disqualification was very untimely.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual

> prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

With respect to each of these defaults, Ohio has a relevant procedural rule: (1) a court of appeals will not consider an issue not raised in the trial court, (2) *res judicata* bars consideration at a later stage of criminal proceedings of a matter which could have been raised on direct appeal, and (3) issues of disqualification must be raised promptly after the defendant becomes aware of the relevant facts. The record recited above shows the Ohio courts enforced these rules against Henley. All three rules are well recognized in Ohio law. In particular, Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry*, 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Ground Two should therefore be dismissed with prejudice.

**Ground Three: Denial of Confrontation and Compulsory Process**

In his Third Ground for Relief, Henley claims his constitutional rights to confront witnesses against him and compel witnesses in his behalf was violated in the manner in which the trial court restricted the testimony of Barbara Pettiford.

This claim was presented in the prior case and denied on the merits by Judge Rice; the

Sixth Circuit denied an expansion of the certificate of appealability to consider this issue. Therefore, the Report recommended dismissing this claim pursuant to the law of the case (Report, ECF No. 21, PageID 1786).

Henley objects that the law of the case is not applicable here (Objections, ECF No. 24, PageID 1803). But even considering the question *de novo*, Judge Langer committed no error, much less error rising to a constitutional level. The question of admissibility of a hearsay statement claimed to be an excited utterance is a question for the trial judge; it is not a question of "credibility" for the jury. There is no decision of the United States Supreme Court which establishes a right to have hearsay claimed to be an excited utterance admitted on the basis of that claim alone.

Ground Three should be dismissed.

**Ground Seven:[1] Double Jeopardy**

In his Seventh Ground for Relief, Petitioner asserts the trial court violated his right to protection against being placed twice in jeopardy when it refused to merge the rape and kidnapping offenses and the assault offenses under Ohio Revised Code § 2941.25.

The Report found that this claim had been raised in the prior case, decided against Henley by Judge Rice, and denied appealability by the circuit court (ECF No. 21, PageID 1787). It concluded the law of the case would bar this claim considered under Ohio Revised Code § 2941.25. Because the Sixth Circuit has held that Ohio appellate rulings on § 2941.25 claims are dispositive of Double Jeopardy claims, the Report also recommended dismissing this portion of Ground

[1] As noted in the Report, Henley has expressly waived Grounds for Relief Four, Five, Six, Eight, and Ten (ECF No. 21, PageID 1775, citing Reply, ECF No. 20, PageID 1723).

Seven. Finally, the Report recommends dismissing that portion of Ground Seven which argues that Henley's felonious assault and attempted felonious assault convictions should be merged because the Second District's conclusion that these were separate acts was completely reasonable.

The Second District rejected the claim that the rape and kidnapping convictions should merge because that issue, although meritorious, was not raised in the trial court and did not rise to the level of plain error. *State v. Henley*, 2005-Ohio-6142 ¶¶ 38-43 (Ohio App. 2nd Dist. Nov. 18, 2005). Henley asserts in his Objections that this Court should overlook that finding and decide the convictions should merge.

However, failure to raise an issue in the trial court is a procedural default and a ruling by an Ohio court of appeals that no plain error is involved is an enforcement of that procedural default. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003). A federal district court is not authorized to overlook a procedural default that has been properly enforced by a state appellate court.

Regarding merger of the felonious assault and attempted felonious assault convictions, the Second District held they were separate acts. *State v. Henley, supra*, at ¶ 44. Henley argued the appellate court should have applied the comparison-of-elements test of *State v. Rance,* 85 Ohio St. 3d 632 (1999). The Report rejected this argument because, as the Second District found, the two crimes were separate in time. Under Ohio Revised Code § 2941.25 if a person commits a felonious

assault at one point in time and then later commits an attempted felonious assault on the same person, under Ohio Revised Code § 2941.25, it does not matter and never has, that the elements are the same: committing a felonious assault on a victim does not give a defendant a free pass to do it again under Ohio Revised Code § 1942.25 or the Double Jeopardy Clause.

Ground Seven should be dismissed.

**Ground Nine: Ineffective Assistance of Appellate Counsel**

This claim relates to defense counsel's failure to assert that the four rape convictions should have been merged and appellate counsel's failure to assert trial counsel's ineffectiveness in this respect. The Second District held the four rape offenses were separate acts: vaginal intercourse, anal intercourse, analingus, and cunnilingus. *State v. Henley*, Case No. 20789 (2nd Dist. Apr. 10, 2006)(unreported; copy at State Court Record ECF No. 16, PageID 721). The Report recommended deferring to that decision and Henley's Objections fall back on *Rance*, which is unavailing for the same reasons given as to Ground Seven.

Although the Second District apparently misread the concurrent sentences for the two felonious assault convictions as showing the offenses were merged, the Report found no prejudice in failing to raise this claim on direct appeal because it was "far from the strongest argument available on appeal." (Report, ECF No. 21, PageID 1795.) In his Objections, Henley disagrees with this conclusion in summary fashion, but does not suggest why this argument would have been stronger than others that were made (Objections, ECF No. 24, PageID 1805).

Ground Nine should also be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully again recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability. Henley claims reasonable jurists would disagree about the applicability of *Blakely*, but cites no such reasonable jurists (Objections, ECF No. 24, PageID 1805). The Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 14, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).