# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN DAMONT HENLEY,

     Petitioner,    :  Case No. 3:17-cv-421

  - vs -           District Judge Thomas M. Rose
                Magistrate Judge Michael R. Merz

DAVID MARQUIS, Warden,
 Richland Correctional Institution
              :
      Respondent.

# SUBSTITUTED REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Magistrate Judge on recommittal (ECF No. 30).

Rather than supplement already filed Reports, the Magistrate Judge submits the following

Substituted Report to enhance judicial economy on review. Except as cited herein, the reader need

not refer to prior Reports.

Petitioner pleads the following grounds for relief:

> **Ground 1:** Trial court erred in imposing sentence which violates
> 6th and 14th Am. right to jury trial in U.S. Const.
>
> **Supporting Facts:** Trial court relied upon facts that were neither
> admitted by defendant or found by a jury when the trial court
> imposed the sentence and labelled defendant as a sexual predator.
>
> **Ground 2:** Appellate counsel was ineffective in violation of 6th and
> 14th Am. of U.S. Const.
>
> **Supporting Facts:** Appellate counsel failed to challenge trial
> counsel's failure to: challenge trial court bias at sentencing and
> sexual classification hearing when the trial court accused defendant
> of having committed several rapes not supported by the record; trial
> court imposed sentence based on facts not found by the jury or

1

admitted by defendant and likewise labelled defendant a sexual predator.

**Ground 3:** Trial court violated defendant's federal rights to confrontation and compulsory process.

**Supporting Facts:** Trial court arbitrarily restricted the testimony of a key defense witness. (Barbara Pettiford). (Due process violation of the 14th Am. to the U.S. Constitution).

**Ground 4:** Trial court violated defendant's state and federal right to challenge conviction and sentence. 14th Am. U.S. Const.

**Supporting Facts**: At my resentencing hearing held on October 27, 2016, the trial court refused to allow me to raise challenges to my underlying convictions and sentences in violation of my federal and state rights to due process. 14th Am. U.S. Const.

**Ground 5:** The sentence imposed in this case is void in violation of petitioner's state and federal rights to due process.

**Supporting Facts:** The trial court relied upon unconstitutional statutes when imposing the sentence.

**Ground 6**: Appellate counsel was ineffective in failing to raise trial counsel's failure to object to prosecutor misconduct. 6th and 14th Am. U.S. Constitution.

**Supporting Facts:** The prosecutor remarked to the jury, during summation, that petitioner's presence at his own trial allowed him to hear all of the evidence and then tailor his story to fit into that evidence.

**Ground 7:** The trial court violated defendant's state and federal rights against being put twice in jeopardy for the same offense. 5th and 14th Am. U.S. Const.

**Supporting Facts:** The trial court failed to merge the rape and kidnap counts 1-5 and the court failed to merge the multiple felonious assault and attempted felonious assault counts 6-8 when the offenses are clearly allied offenses of similar import in violation of state and federal double jeopardy prohibitions.

**Ground 8:** Trial counsel was ineffective in violation of petitioner's 6th and 14th Am. rights to the effective assistance of counsel. U.S. Con. 6th and 14th Am.

**Supporting Facts**: Trial counsel was ineffective at trial when counsel requested a jury instruction for "self-defense" in relation to the attempted felonious assault charge when petitioner never claimed to have committed attempted felonious assault in self-defense and, in fact, petitioner denied having committed attempted felonious assault at all.

**Ground 9:** Appellate counsel was ineffective in failing to raise trial counsel's ineffectiveness in not challenging a sentence imposed for allied offenses and allied offenses of similar import in violation of appellant's state and federal rights to the effective assistance of counsel where the sentences imposed violate state and federal double jeopardy prohibitions.

**Supporting Facts:** The trial court imposed multiple sentences for offenses that were clearly 'allied' in violation of state and federal double jeopardy prohibitions. The multiple rape counts should have merged with the kidnap counts and the multiple felonious assault counts should have merged with each other as well as with the attempted felonious assault count. Appellate counsel should've challenged trial counsel's failure to raise this issue.

**Ground 10:** The evidence at trial was insufficient to sustain the conviction of 'attempted felonious assault' in violation of petitioner's state and federal rights to due process.

**Supporting Facts:** There was absolutely no evidence presented at trial to prove that petitioner 'attempted' to suffocate his accuser with a pillow.

(Petition, ECF No. 1, PageID 5-16.)

Petitioner has expressly waived Grounds for Relief Four, Five, Six, Eight, and Ten (Reply, ECF No. 20, PageID 1723) and they will not be considered further.

**Underlying Offense Conduct**

On September 28, 2004, a jury in Montgomery County, Ohio, convicted Henley of one

3

count of kidnapping, four counts of rape, two counts of felonious assault, and one count of attempted felonious assault. The convictions stemmed from an incident occurring on the morning of May 24, 2004, when Henley offered the victim a ride home after her restaurant shift. On the pretext of needing to use the restroom, Henley gained access to her apartment. Henley raped the victim multiple times, after binding her mouth and hands with duct tape. He held a knife against her, threatening to kill her, and then attempted to suffocate her with a pillow. When she tried to escape, he also choked her and stabbed her. See *State v. Henley,* 2nd Dist. Montgomery No. 20789, 2005-Ohio-6142, 2005 Ohio App. LEXIS 5531, at *2-9 Nov. 18, 2005).

There is an extended procedural history in this case which will be referred to as necessary as it relates to particular grounds for relief. A significant part of that history is Henley's prior habeas petition in Case No. 3:07-cv-031. In that case Henley attacked the same conviction[1] that is at issue here. At the conclusion of that case, District Judge Rice dismissed all of Henley's claims with prejudice, but granted a certificate of appealability on the following issue:

> Was it ineffective assistance of appellate counsel for Defendant's appellate attorney to fail to claim on direct appeal that his trial counsel rendered ineffective assistance by failing to make an objection to his sentence under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004), when Defendant was sentenced several months after Blakely was decided but many months before the Ohio Supreme Court applied that decision in Ohio by *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006)?

(Decision, ECF No. 27 in 3:07-cv-031, PageID 1848.)

Henley appealed and the Sixth Circuit affirmed, concluding

> Of the multiple grounds for relief claimed in the petition, only one is at issue in this appeal: Henley's claim that his appellate counsel was constitutionally ineffective for failing to argue that his trial

---

[1] But not the same judgment on that conviction.

counsel erred in not objecting to Henley's sentence as violating *Blakely v. Washington*, 542 U.S. 296 (2004).

\* \* \*

Thus, as of the date of Henley's sentencing, Ohio sentencing law was in a state of flux and his trial counsel's failure to anticipate the application of *Blakely* in *Foster* did not constitute ineffective assistance of counsel. [footnote omitted] Because his trial counsel was not ineffective, Henley's appellate counsel did not err by not raising the ineffectiveness of trial counsel on direct appeal.

*Henley v. Brunsman,* No. 08-3288, 379 F. App'x 479, 482 (6th Cir. 2010). Henley filed the instant case December 12, 2017, in the Northern District of Ohio, which transferred the case here because Henley was convicted in the Montgomery County Court of Common Pleas (Order, ECF No. 4).

In denying Henley's Motion for Stay in this case, the Magistrate Judge found that Common Pleas Judge Langer had entered amended termination entries in Henley's case on October 27, 2016, and July 18, 2017 (Decision & Order, ECF No. 9, PageID 49, referencing *State v. Henley*, Case No. 04CR01953).

# Analysis

**Ground One:  Violation of Sixth Amendment Right to Jury Determination (*Blakely* claims)**

In his First Ground for Relief, Petitioner asserts the trial court violated his Sixth Amendment right to trial by jury by imposing (1) a sentence and (2) a sexual predator designation based on facts not found by the jury.

Respondent asserts the Court lacks subject matter jurisdiction to consider this claim at all

because Henley is no longer in custody on his rape and kidnapping convictions. Petitioner replies with controlling precedent, *Garlotte v. Fordice*, 515 U.S. 39 (1995). Based on that authority, the Magistrate Judge concludes the Court has subject matter jurisdiction over Ground One.

Respondent asserts this Court lacks authority to grant relief on Henley's claim that he was improperly classified as a sexual predator, relying on *Bevins v. Brunsman*, No. 1:08-cv-520, 2009 WL 5612338 (S.D. Ohio Dec. 17, 2009) (Hogan, Mag. J.), *report and recommendations adopted at* 2010 WL 338086 (S.D. Ohio Jan. 25, 2010) (Dlott, C.J.), quoting *Leslie v. Randle,* 296 F.3d 518, 523 (6th Cir. 2002). *Leslie* holds the restrictions on liberty of a classified sexual offender do not rise to the level of placing or keeping the offender in custody. 296 F.3d at 522-23. Under *Garlotte*, because Henley remains in custody on a consecutive sentence, he can attack in habeas the underlying rape conviction, but not the sexual predator classification.

In his appeal from denial of his prior habeas petition, Henley made the claim that it was ineffective assistance of appellate counsel to fail to argue that his trial attorney provided ineffective assistance by not objecting that the sexual predator classification violated the rule in *Blakely v. Washington*, 542 U.S. 296 (2004). *Hensley v. Brunsman*, 379 F. App'x at 479. Henley relies on Judge Merritt's dissent in that case in which he opined that *Blakely* prevented the Ohio courts from making the sexual predator determination without submitting the question to the jury. *Id*. at 483. But it is the majority opinion in the prior appeal that binds this Court; we are not free to follow the dissent. Henley points to no authority since his prior appeal that has adopted Judge Merritt's position.

Respondent relies on the majority decision in the prior appeal, as well as other prior rulings in the first case, to assert Ground One is barred by the law of the case doctrine (Return, ECF No.

6

13, PageID 431-33). Henley responds that law of the case doctrine does not apply because there

is a new intervening judgment (Reply, ECF No. 20, PageID 1721-22, relying on *In re Stansell*,

828 F.3d 412 (6th Cir. 2016)). Henley has reasserted this position in his most recent Objections

(ECF No. 29, PageID 1825, citing *Rose v. Warden*, 2017 U.S. Dist. LEXIS 152979 (S.D. Ohio

Sept. 20, 2017) (Black, J.), and *Allen v. Westbrooks*, No. 15-5356, 700 F. App'x 406 (6th Cir. un.

23, 2017, cert. den. 138 S. Ct. 647 (2018)).

In ordering an answer in this case after initial review under Habeas Rule 4, the Magistrate

Judge initially concluded that

> although this is Petitioner's second-in-time habeas application
> relating to the same state court conviction, it is not a second-or-
> successive application subject to the restrictions of 28 U.S.C. §
> 2244(b) because Petitioner was re-sentenced in 2016. *Magwood v.*
> *Patterson*, 561 U.S. 320 (2010); *King v. Morgan*, 807 F.3d 154, 156
> (6th Cir. 2015); *In re Stansell*, 828 F.3d 412 (6th Cir. 2016).

(Order, ECF No. 6, PageID 37.) Although this was a preliminary holding, the Respondent has not

challenged it. Instead, Respondent relies on expiration of custody as precluding review of the rape

and kidnapping convictions, while conceding jurisdiction as to the felonious assault and attempted

felonious assault convictions (Return, ECF No. 13, PageID 430). That defense is unavailing.

*Garlotte, supra.*

Whatever may be its impact on other Grounds for Relief, the law of the case doctrine does

not bar consideration of Petitioner's Ground One, because this claim was not before either this

Court or the Sixth Circuit in the prior case. In that case, the Sixth Circuit held it was not ineffective

assistance of Henley's appellate counsel to fail to claim ineffective assistance of his trial counsel

for failure to raise a *Blakely* claim in the trial court. Here, Henley raises a straight *Blakely* claim:

it was unconstitutional for the trial judge to make the findings required by Ohio Revised Code §§

2929.14(B), 2929.14(C), and 2929.14(E)(4) instead of submitting those issues to the jury. Considering that claim *de novo*[2], it is without merit; it is also barred by Henley's procedural default in presenting it to the Ohio courts.

## Merits

Judge Langer did in fact make separate "Findings in Support of a Greater than Minimum Sentence," Findings in Support of a Maximum Sentence," and "Findings in Support of Consecutive Sentences" as required by Ohio law at the time of sentencing (State Court Record, ECF No. 16, PageID 481-85). It did not violate *Blakely* to have the trial judge make these findings. None of them were necessary to impose a mandatory minimum sentence. Compare *Alleyne v. United States*. 570 U.S. 99 (2013), overruling *Harris v. United States,* 536 U.S. 545 (2002). *Blakely* is not applicable to judicial factfinding that increases the minimum sentence, as compared with a mandatory minimum. *Arias v. Hudson,* 589 F.3d 315 (6th Cir. 2009), *citing McMillan v. Pennsylvania*, 477 U.S. 79 (1986); *United States v. Harris*, 536 U.S. 545, 568 (2002); *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009). Henley argues *Arias* is not good law because it relied on *Harris*, which was overruled by *Alleyne* (Objections, ECF No. 29, PageID 1826). Actually, Judge Sutton, in *Arias*, distinguished *Harris* by noting that it upheld judicial factfinding that increased a *fixed* minimum sentence. 589 F.3d at 317-318. It was that portion of *Harris* that *Alleyne* overruled, not its more general conclusion.

*Blakely* has never been held applicable to factfinding required by state law to justify a

---

[2] Henley correctly argues (Reply, ECF No. 20, PageID 1730-32) that merits review here is to be de novo since there is no state court opinion on the merits of his *Blakely* claim to which this Court could give deference under 28 U.S.D. § 2254(d).

maximum sentence so long as it is within the range provided by statute. Imposition of consecutive sentences for multiple offenses, based on facts found by the court rather than the jury, does not violate the constitutional right to jury trial, since the jury historically played no role in determining consecutive or concurrent sentences and state had sovereign authority to administer its penal system. *Oregon v. Ice*, 555 U.S. 160 (2009). Thus, nothing Judge Langer did in imposing a sentence for the crimes of conviction violates the rule in *Blakely*.

In his most recent Objections, Henley asserts the Magistrate Judge "finally acknowledge[ed] that Petitioner's Blakely rights were violated when the state applied" the relevant statutes. (Objections, ECF No. 29, PageID 1826.) Not so. Henley was sentenced before the Supreme Court of Ohio decided *State v. Foster*, 109 Ohio St. 3d 1 (2006). *Foster* severed portions of Ohio sentencing law under *Blakely*, including those applied by Judge Langer, and thus rendered his findings irrelevant. That is why the Sixth Circuit decided "any *Blakely* error that may have occurred was harmless in light of *State v. Foster*, 109 Ohio St. 3d 1, 2006[-]Ohio[-]856, 845 N.E.2d 470, 498 (Ohio 2006), which held that judicial fact-finding is no longer required before the imposition of maximum sentences or consecutive prison terms." *Brown v. Moore*, No. 08-3289, 2008 U.S. App. LEXIS 27094 at *3-4 (6th Cir. Sept. 19, 2008). Henley asserts that this is mere dictum, but does not say why (Objections, ECF No. 29, PageID 1826-27). As the Magistrate Judge reads *Brown*, this was an alternative holding in denying a certificate of appealability on Brown's *Blakely* claim. And the effect of the holding was to deny Brown a certificate of appealability, concluding that his *Blakely* claim was not even debatable among reasonable jurists, which is the same conclusion this Court reached in Brown's case.

Henley also relies on *Smith v. Moore*, No. 08-4494, 415 F. App'x 624 (6th Cir. 2011), for

the proposition that a *Blakely* error is not made harmless by the fact that the trial judge might impose the same sentence on remand. But *Smith* was a case in which there was in fact a *Blakely* error by exceeding the maximum allowed by the jury's verdict. Judge Langer committed no *Blakely* error in the first place.

## Procedural Default

Apart from the fact that Henley's *Blakely* claim is without merit, it is also procedurally defaulted. Any *Blakely* claim Henley ever had would have been obvious on the fact of the direct appeal record but was not raised on direct appeal. Henley asserts that the Respondent acknowledges he raised the claim in a timely direct appeal (Objections, ECF No. 29, PageID 1725, citing Return, ECF No. 13, PageID 413). What Respondent actually acknowledges is that Henley filed a timely Ohio App. R. 26(B) Application making the ineffective assistance of appellate counsel claim that the Sixth Circuit rejected in Henley's first habeas case. Later in the Return, the Warden does assert procedural default (Return, ECF No. 13, PageID 443).

Henley made his "straight" *Blakely* claim to the Second District Court of Appeals in his appeal from resentencing where he asserted Judge Langer had violated his rights by not permitting him to raise challenges to his undisturbed conviction. The Second District rejected that claim, following *State v. Fischer,* 128 Ohio St.3d 92 (2010):

> "Although the doctrine of *res judicata* does not preclude review of
> a void sentence, *res judicata* still applies to other aspects of the
> merits of a conviction, including the determination of guilt and the
> lawful elements of the ensuing sentence. *Fischer* at paragraph three
> of the syllabus. Contrary to Henley's argument, a resentencing in
> order to properly impose post-release control does not permit a

> defendant to raise new challenges to his underlying convictions that
> could have been raised in his original appeal.

*State v. Henley*, 2nd Dist. Montgomery No. 27326, 2017-Ohio-5828, (Jul. 14, 2017).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an adequate and independent state
> procedural rule, federal habeas review of the claims is barred unless
> the prisoner can demonstrate cause of the default and actual
> prejudice as a result of the alleged violation of federal law; or
> demonstrate that failure to consider the claims will result in a
> fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87; *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (citation omitted). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010) (*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; *accord, Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002) ("*Maupin* test"). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

The relevant state court rule is that claims which can be raised and decided on direct appeal must be raised in that manner or are later barred by *res judicata.* Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994) (citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001) (Smith, J.). Here, the Second District enforced the *Perry* rule by refusing to allow Henley to present his *Blakely* claim on resentencing.

Henley argues the Perry *res judicata* rule was not regularly enforced by the Ohio courts with respect to *Blakely* claims (Reply, ECF No. 20, PageID 1727, citing *Smith v. Moore*, No. 08-4494, 415 F. App'x 624 (6th Cir. 2011). In *Smith*, the Sixth Circuit found that

> In the wake of *Foster*, the Ohio Supreme Court remanded numerous cases for re-sentencing, regardless of defendants' waiver of their *Blakely* arguments. *See, e.g., State v. Payne*, 114 Ohio St. 3d 502, 2007 Ohio 4642, 873 N.E.2d 306, 309 (Ohio 2007). Therefore, waiver on appeal of a *Blakely* challenge is not a procedural bar that the state of Ohio regularly enforced. According to *Maupin*'s second prong, Petitioner's Sixth Amendment jury trial claim was not procedurally defaulted, and is properly before this Court.

*Id.* at 628.

Analysis of the regularly-enforced requirement for state procedural rules must be time sensitive. Rules that are not regularly enforced at one point in time may become regularly enforced over time and thus qualify under *Maupin*. For example, Ohio R. App. P. 26(B) requires that an application for reopening to raise an ineffective assistance of appellate counsel claim be filed within ninety days of judgment. However, in capital cases, the Supreme Court of Ohio did not enforce the rule, but instead ruled on the merits of these claims for some period of time. In *Franklin v. Anderson*, 434 F 3d 412 (6th Cir. 2006), the court held that it did not qualify for the period in question as a regularly-enforced state procedural rule. However, that changed.

> Furthermore, as of January 1996, "the time constraints of Rule 26(B) were firmly established and regularly followed." *Parker v. Bagley*, 543 F.3d 859, 861 (6th Cir. 2008) (discussing *Fautenberry v. Mitchell*, 515 F.3d 614, 641 (6th Cir. 2008)) (emphasis omitted). Although we have, in prior cases, found Rule 26(B) not to be an adequate and independent ground on which to find procedural default, those precedents are not applicable here because Rule 26(B) was firmly established and regularly followed by June 2006. *See id.* at 862 (applying the "firmly established and regularly followed" requirement "as of the time Rule 26(B) was to be applied"). Thus, we conclude that Hoffner has procedurally defaulted his claims of ineffective assistance of appellate counsel. Nevertheless, even if

> Hoffner's claims were not defaulted, each fails on the merits. See
> *Fautenberry*, 515 F.3d at 642 (analyzing the merits of a procedurally
> defaulted claim in the alternative).

*Hoffner v. Bradshaw*, 622 F.3d 487, 504-505 (6th Cir. 2010).

*Smith* is not binding precedent because it is not published. But even if it were binding, it would apply only to the non-enforcement of the *Perry* rule in *Blakely* cases at the relevant time period, i.e., in the "wake of *Foster*[,]" which was decided in 2006. The Second District's enforcement of the *res judicata* bar as to Henley's claim occurred in 2017 and Henley has made no showing that the *Perry* rule was not being regularly enforced by 2017.

Henley also claims the Second District misapplied its own procedural rule by finding that he had "waived" his *Blakely* claim. He cites to *State v. Henley*, 2nd Dist. Montgomery No. 20789, 2005-Ohio-6142, 2005 Ohio App. LEXIS 6631 (Nov. 18, 2015), where, on the direct appeal, the court noted that Henley had raised a straight *Blakely* error claim, but held: "We need not address this issue since it was not raised at the trial court level." *Id.* at ¶ 55. The court does not use the word "waived[3]," and its analysis is perfectly consistent with the *Perry* rule of forfeiture and *res judicata.* Henley is correct that the record does not show a "waiver" of his *Blakely* claim in the sense of a knowing, intelligent, and voluntary relinquishment of a known right. See *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938). But it does show a forfeiture of that claim by failure to raise it in the trial court prior to direct appeal.

Should Henley argue that his procedural default is excused by the ineffective assistance of his appellate counsel, that claim has already been decided adversely to him in his first habeas case, and he has shown no reason to depart from that analysis.

---

[3] Henley makes a lengthy argument on the distinction between waiver and forfeiture (Reply, ECF No. 20, PageID 1727-29). The concepts are distinct, but the words are often used imprecisely by the courts. *Kontrick v. Ryan*, 540 U.S. 443, 458, n. 13 (2004); *United States v. Olano,* 507 U.S. 725, 733 (1993).

Therefore the First Ground for Relief should be dismissed with prejudice.


**Ground Two:  Ineffective Assistance of Appellate Counsel**


In his Second Ground for Relief, Henley claims his appellate attorney provided ineffective assistance when he failed to challenge the trial judge's bias in his sentencing findings and in labeling Henley a sexual predator.

As noted above, Henley raised an ineffective assistance of appellate counsel claim in his first petition, but it was not the same claim of ineffective assistance of appellate counsel he makes here.  There he asserted his appellate attorney provided ineffective assistance in not asserting ineffective assistance of trial counsel for trial counsels' failure in thirteen different ways, none of them mentioning the alleged bias of the trial judge (Report and Recommendations in Case No. 3:07-cv-031, ECF No. 14, PageID 1708-10).  That claim was squarely decided against Henley in the first case, but there is no law of the case on the instant issue.

Henley argues that the Sixth Circuit requires that "to determine if appellate counsel was ineffective in not challenging trial counsels' ineffectiveness in failing to challenge judicial bias, a court must analyze the underlying claim of judicial bias." (Objections, ECF No. 29, PageID 1827, citing *Coley v. Bagley*, 706 F.3d 741 (6th Cir. 2013)).  But before the Court reaches that question, it must determine if the issue has been preserved for habeas review by being presented to the state courts.

Henley asserts that "he clearly raised this issue alleging judicial bias in his 26(B) application to reopen his direct appeal, . . ." (Reply, ECF No. 20, PageID 1739).  That document

is Exhibit 23 in the State Court Record (ECF No. 16, PageID 659, et seq.)  The omitted assignments of error which supposedly show ineffective assistance of appellate counsel are as follows:

> 1. "Trial counsel was ineffective thus violating this Petitioner's rights as guaranteed by the 5th, 6th, 8th, and 14th Amendment" in ways A through O.  None of them mention failure to object to judicial bias.
>
> 2. "Trial court error," in ways A through D, none of which mention failure to recuse because of bias.
>
> 3. "Insufficient evidence."

Having pleaded his ineffective assistance of appellate counsel claims in this way, Henley complains that the "2nd District did not address his specific claim of judicial bias."  (Reply, ECF No. 20, PageID 1739).  But he did not make any such specific claim.  He does assert trial court error in sentencing in relying on "so-called other acts," but judicial error is not the same as judicial bias.  More to the point, claiming judicial error is not the same as claiming judicial bias.

Henley's Second Ground for Relief – ineffective assistance of appellate counsel for failing to raise ineffective assistance of trial counsel for failing to claim judicial bias – is procedurally defaulted by Henley's failure to present it in his 26(B) application.

Because the claim is procedurally defaulted, the Court is not obliged to reach the merits by *Coley*.  In that case the Sixth Circuit found Coley's ineffective assistance of trial counsel claim related to judicial bias was procedurally defaulted. 706 F.3d at 749.  It went on to analyze the merits of the claim, but never indicated that a district court is obliged to make both procedural default and merits analyses.  *Coley* is a capital habeas case, which probably explains the court's thoroughness.  *See also Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001), *quoting Amos v. Scott*, 61 F.3d 333, 342 (5th Cir. 1995) ("[A]n occasional act of grace by a state court in excusing or disregarding a state procedural rule does not render the rule inadequate.").  The Magistrate Judge

declines to engage in an alternative merits analysis, but notes that Henley has not attempted to show why a claim of ineffective assistance of appellate counsel for failure to raise a claim of ineffective assistance of trial counsel for failure to claim judicial bias would have been stronger than any of the claims of ineffective assistance of trial counsel Henley actually pleaded in his 26(B) application.

The Second Ground for Relief should be dismissed with prejudice.

## Ground Three:  Confrontation and Compulsory Process

In his Third Ground for Relief, Henley claims his constitutional rights to confront witnesses against him and compel witnesses in his behalf was violated in the manner in which the trial court restricted the testimony of Barbara Pettiford.

Respondent asserts there is applicable law of the case on this claim because it was previously pleaded as Ground Two in the prior case (Return, ECF No. 13, PageID 432).  This claim was indeed made as part of Ground Two and the Magistrate Judge recommended deciding it as follows:

> ### Ground 2(a): Exclusion of Part of the Testimony of Barbara Pettiford
>
> After his sexual encounter with the victim and his alleged encounter with another male in the victim's apartment, Henley went to the apartment of his girlfriend, Barbara Pettiford. What he then said to Pettiford at her apartment was admitted in evidence, when elicited from Pettiford at trial, under the excited utterance exception to the hearsay rule. Henley and Pettiford then drove to the Dayton Mall where Henley made additional statements about what happened; these were excluded by the trial court as no longer meeting the excited utterance exception.

Henley preserved this claim for federal review by raising it as his First Assignment of Error on direct appeal. The Ohio Court of Appeals did not decide the constitutional claim, leaving it for this Court to consider *de novo*.

A fair opportunity to present a defense in a criminal case is of course a constitutional right. *Baze v. Parker*, 371 F.3d 310 (6th Cir. 2004), *citing Crane v. Kentucky*, 476 U.S. 683, 690, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986). Presenting relevant evidence is integral to that right. *Taylor v. Illinois*, 484 U.S. 400, 409-09, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988). Few rights are more fundamental than that of an accused to present witnesses in his own defense. *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). However, a defendant must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence. *Id.* The right to present relevant evidence is not unlimited, but subject to reasonable restrictions. *United States v. Scheffer*, 523 U.S. 303, 308, 118 S. Ct. 1261, 140 L. Ed. 2d 413 (1998), and may bow to accommodate other legitimate interests in the criminal trial process. *Rock v. Arkansas*, 483 U.S. 44, 55, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987).

The hearsay rule is a long-standing rule of evidence both at English common law and in the United States. There is no doubt that the evidence Henley attempted to present through Pettiford was hearsay: an out-of-court statement that Henley made to Pettiford, offered to prove the truth of the content of the statement, to wit, that Henley was himself the victim of attempted robbery by the victim's male accomplice. See Ohio R. Evid. 801. Petitioner presents no law establishing a constitutionally-mandated [sic] hearsay exception for criminal defendants. In fact, hearsay restrictions are often more rigidly enforced in criminal cases to protect defendants. See, e.g, *Crawford v. Washington,* 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). One purpose of the hearsay rule is to subject hearsay declarants to cross-examination. Therefore, exclusion of hearsay which constitutes justificatory narrative spoken by a criminal defendant is particularly well suited to make trial results reliable, since a defendant cannot be compelled to take the stand and be cross-examined himself on any explanation he may have given to a third party. There was no violation of Petitioner's constitutional right to present a defense in the trial court's exclusion of part of the hearsay offered through Pettiford. Ground for Relief 2 (a) is without merit.

*Henley v. Moore*, No. 3:07-cv-31, 2007 U.S. Dist. LEXIS 96373, *40-42 (S.D. Ohio June 28,

2007) (Merz, Mag. J.).  Thus Henley received *de novo* consideration of this claim in his prior case.

District Judge Rice, to whom the prior case was assigned, adopted this conclusion on Ground Two

and denied a certificate of appealability on this Ground.  2008 U.S. Dist. LEXIS 8371 (S.D. Ohio

Feb. 5, 2008) (Rice, J.).  Henley sought an expansion of the certificate of appealability from the

Sixth Circuit which that court declined to grant.  *Henley v. Moore,* Case No. 08-3288 (Order of

Oct. 7, 2008) (unreported; available from the Sixth Circuit).  The determination to deny a

certificate of appealability means the Sixth Circuit decided the issues not certified were not even

debatable among jurists of reason.  As noted above, a decision denying a certificate of appealability

becomes part of the law of the case.  *Dillingham, supra*.

Having reconsidered the question in light of Petitioner's Reply, the Magistrate Judge

remains persuaded of the correctness of his prior recommendation.  It is within the function of an

Ohio trial judge, as it is with federal trial judges, to make an initial determination of the

admissibility of proffered evidence.  Here, Judge Langer accepted what Henley first said to

Pettiford as an excited utterance, but declined to find the later statements were excited utterances.

No authority cited by Henley compels the admission of a defendant's own hearsay statements to

another person when made outside the traditional parameters of excited utterance.  There is

therefore no reason to depart form the law of the case on this issue.  Ground Three is without merit

and should be dismissed.

Henley asserts that the law of the case doctrine does not apply here because of the intervening

state court judgment in which Henley was resentenced (Reply, ECF No. 20, PageID 1751).  While

this Court has agreed that *In re Stansell*, 828 F.3d 412 (6th Cir. 2016), prevents the instant Petition

from being second-or-successive, *Stansell* says nothing on the subject of law of the case doctrine.

Judge Sutton, the author of *Stansell*, has said of law of the case, "[i]f it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016), quoting BRYAN A. GARNER, ET AL., THE LAW OF JUDICIAL PRECEDENT 441 (2016). That rationale for applying law of the case here is completely persuasive.

Ground Three should be dismissed with prejudice.

**Ground Seven: Double Jeopardy**

In his Seventh Ground for Relief, Petitioner asserts the trial court violated his right to protection against being placed twice in jeopardy when it refused to merge the rape and kidnapping offenses and the assault offenses under Ohio Revised Code § 2941.25.

Respondent asserts there is applicable law of the case on this claim, stating it was Ground 2(d) in the original petition (Return, ECF No. 13, PageID 432). In the prior case, Henley argued this solely as a claim under the Ohio Revised Code and not as a Double Jeopardy violation. On that basis the Magistrate Judge recommended dismissal because claims under Ohio Revised Code § 2941.25 are not cognizable as federal habeas claims. *Henley v. Moore,* 2007 U.S. Dist. LEXIS 96373 *43-44 (S.D. Ohio Jun. 28, 2007). Judge Rice accepted this portion of the Report and the Sixth Circuit denied a certificate of appealability. The law of the case would therefore bar this claim as it is made under Ohio Revised Code § 2941.25.

Henley's Reply spends time discussing the allied offenses issue, which is not by itself a question of federal constitutional law (Reply, ECF No. 20, PageID 1759-61). That is, not every

violation of Ohio Revised Code § 2941.25 will also violate the Double Jeopardy Clause. But

Henley is correct that the Sixth Circuit has held that a state court decision that solely considers and

rejects a § 2941.25 challenge is dispositive of the Double Jeopardy claim. *Jackson v. Smith*, 745

F.3d 206 (6th Cir. 2014).

On direct appeal to the Ohio Court of Appeals for the Second District, Henley raised the

failure to merge the rape and kidnapping charges as part of his Third Assignment of Error. The

Second District decided the claim as follows:

> {¶ 38} First, Henley contends that the trial court erred by failing to
> merge the offenses of Rape and Kidnapping as allied offenses of
> similar import. Henley concedes that we must review this issue
> under the plain error standard since he failed to bring the error to the
> attention of the trial court.

> {¶ 39} In this case, we find that the trial court did err by failing to
> merge these two offenses. However, we cannot say that this failure
> rises to the level of plain error. "To be 'plain' within the meaning of
> Crim.R. 52(B), an error must be an 'obvious' defect in the trial
> proceedings." *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 2002
> Ohio 68, 759 N.E.2d 1240. The issue of whether a kidnapping
> offense merges with a rape offense when the two offenses are
> committed during the same general course of conduct is inherently
> fact-sensitive and difficult. The Ohio Supreme Court has adopted
> the following guidelines:

> > {¶ 40} "(a) Where the restraint or movement of the victim is
> > merely incidental to a separate underlying crime, there exists
> > no separate animus sufficient to sustain separate convictions;
> > however, where the restraint is prolonged, the confinement is
> > secretive, or the movement is substantial so as to demonstrate
> > a significance independent of the other offense, there exists a
> > separate animus as to each offense sufficient to support
> > separate convictions;

> > {¶ 41} "(b) Where the asportation or restraint of the victim
> > subjects the victim to a substantial increase in risk of harm
> > separate and apart from that involved in the underlying crime,
> > there exists a separate animus as to each offense sufficient to

support separate convictions." *State v. Logan* (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345, syllabus.

{¶ 42} The cases cited by the parties in the case before us are a testament to the fineness with which these distinctions are made. The State cites *State v. Logan,* supra, *State v. Collins* (4th District), 2002 Ohio 3212, and *State v. Payton* (5th District), 2005 Ohio 737. In the first two of these cases, the Kidnapping and Rape offenses were merged; in the third, they were not merged. Although the State argues that these cases are readily distinguishable, and that the case before us is more like *State v. Payton,* supra, where the offenses were not merged, in our view the three cases are difficult, if not impossible, to distinguish on their facts. Taken together, they demonstrate, to our satisfaction, that the trial court's error, in the case before us, in failing to merge the Kidnapping and Rape offenses on the facts before us, was anything but obvious. Fortunately for Henley, the sentences for these two offenses were ordered to be served concurrently, rather than consecutively.

{¶ 43} Although we conclude that the trial court did err by failing to merge the Kidnapping and Rape offenses, we conclude that this error is not sufficiently obvious to constitute plain error.

*State v. Henley,* 2nd Dist. Montgomery No. 20789, 2005-Ohio-6142, 2005 Ohio App. LEXIS 5531

(Nov. 18, 2005).

Henley, satisfied with the Second District's conclusion that rape and kidnapping in this case were allied offenses of similar import, wants this Court to accept that finding but overrule the Second District's conclusion that it was not plain error (Reply, ECF No. 20, PageID 1760). This Court should not do so for two reasons. First of all, the Second District found as a matter of fact that Henley had conceded the need to show plain error. 2005-Ohio-6142, at ¶ 38. This state court finding of fact is binding on us unless Henley can show it is erroneous by clear and convincing evidence, which he has not attempted to do. Second, the question whether this was plain error is a question of state law under Ohio R. Crim. P. 52, on which we are bound by state court rulings.

Henley argues that the Second District's finding that there was no plain error implies a

finding of harmlessness (Reply, ECF No. 20, PageID 1762). This is incorrect. These are separate considerations, and the Second District said nothing about harmlessness.

Henley claims under this Ground for Relief that his two felonious assault convictions, to wit, for causing serious physical harm under Ohio Revised Code § 2903.11(A)(1) and for use of a deadly weapon under Ohio Revised Code § 2903.11(A)(2), should be merged (Reply, ECF No. 20, PageID 1763-65). Henley asserts the Second District "was silent and failed to address this particular issue of the two felonious assault counts being merged with each other." *Id*. at PageID 1764. However, Henley did not raise this issue on direct appeal. His Brief addresses only merger of felonious assault convictions with the attempted felonious assault conviction, but not with each other:

> Next, it is respectfully submitted that the trial court erred in sentencing Mr. Henley for the offenses of felonious assault and attempted felonious assault. Upon a review of the elements of the aforementioned charges, this Court will see that the trial court erred in sentencing Mr. Henley for both offenses fo [sic] felonious assault and attempted felonious assault. As previously set forth herein, undersigned counsel would request this Court review the standard as set forth in *State v. Jones* (1997), 78 Ohio St.3d 12, wherein it was indicated that Courts should assess, by aligning the elements of each crime the abstract, whether the statutory elements of the crimes "correspond to such a degree that the commission of one crime will result in the commission of the other." *Jones, supra*. It is respectfully submitted that there is no better example of allied offenses of similar import than in the case of felonious assault and attempted felonious assault. Specifically, it is submitted that this very charge may be even more compelling than most statutes inasmuch as the felonious assault statute has the "attempt" language already set forth in the body of the statute. Therefore, based on the foregoing, it is clear that these offenses, which are found in Counts six, seven and eight of the indictment are allied offenses of similar import. Additionally, under the standards as set forth herein, it is respectfully submitted that it is clear that the charges against Mr. Henley (as in the case of *Collins*) arose from a single incident and therefore, he did not commit the offenses separately. *See: State v. Collins*, 2002-Ohio-321. Based on the foregoing, it is respectfully

submitted that the trial court erred in determining that Mr. Henley
could be convicted of and sentenced consecutively for the offenses
of felonious assault and attempted felonious assault.

(Appellant's Brief, State Court Record, ECF No. 16, PageID 520-21.)  This issue of the merger of

the convictions under Ohio Revised Code § 2903.11(A)(1) and (A)(2) is plainly available on the

face of the appellate record, but was not raised and is therefore procedurally defaulted.

As just quoted, Henley did raise on direct appeal his claim that the felonious assault

conviction and the attempted felonious assault conviction should have been merged.  The Second

District rejected this claim on the merits:

{¶ 44}  Next, Henley contends that the trial court committed plain
error by failing to merge the offenses of Felonious Assault and
Attempted Felonious Assault. We find no support for this argument.
Henley's act of attempting to suffocate the victim with a pillow --
Attempted Felonious Assault -- is distinct and separate from his act
of stabbing the victim -- Felonious Assault. We conclude that each
of these two acts could reasonably be considered as having a
separate and distinct animus. Thus, we find no error, and certainly
no plain error, in the trial court's failure to merge these counts.

*State v. Henley*, 2nd Dist. Montgomery No. 20789, 2005-Ohio-6142, 2005 Ohio App. LEXIS 5531

(Nov. 18, 2005).  Henley argues the Second District should have applied the comparison-of-

elements test of *State v. Rance*, 85 Ohio St. 3d 632 (1999), in deciding this issue (Reply, ECF No.

20, PageID 1768).  The Supreme Court of Ohio abandoned the *Rance* approach to determining

legislative intent in *State v. Johnson*, 128 Ohio St. 3d 153 (2010).  *Rance* would have been the

controlling precedent at the time Henley's case was before the Second District.  This fact is

unavailing to Henley, however, because a comparison of elements is immaterial.  Under Ohio

Revised Code § 2941.25, the first question is whether one is dealing with the same "conduct" or

"act" of a defendant.  In *Rance*, for example, there was only one act of the defendant which was

charged both as involuntary manslaughter and aggravated robbery. In this case as the Second District recounted the testimony, the attempted suffocation occurred during the rape after the victim accidentally urinated. The stabbing occurred later after the victim free her hands, broke out the bedroom window to cry for help, and then grabbed Henley in the genitals. The Second District decided these were separate acts with distinct animus. *Id.*

Under *Jackson v. Smith,* 745 F.3d 206 (6th Cir. 2014), this constitutes a decision on the merits of Henley's Double Jeopardy claim which is entitled to deference under the AEDPA unless it is an objectively unreasonable application of clearly established United States Supreme Court precedent. Henley has not shown that it is.

Ground Seven should therefore be dismissed with prejudice.

**Ground Nine:  Ineffective Assistance of Appellate Counsel**

In his Ninth Ground for Relief, Henley claims he received ineffective assistance of appellate counsel when his appellate attorney failed to claim his trial counsel provided ineffective assistance of trial counsel when he did not object to sentences imposed in violation of Ohio Revised Code § 2941.25 and the Double Jeopardy Clause.

Respondent notes that Henley raised this claim in his Application to Reopen his direct appeal under Ohio R. App. P. 26(B). In that pleading he complained of the failure to merge the four rape counts. The Second District decided that these four counts were for separate offenses:

> Henley was convicted of four counts of Rape. Specifically, he was convicted of committing Rape by vaginal intercourse, anal intercourse, insertion of his tongue into the anal cavity and Insertion

of his tongue into the vaginal cavity. Each of these offenses have distinct elements that do not correspond to such a degree that commission of one crime will result in commission of the other crime. In other words, the commission of oral Rape does not constitute commission of vaginal Rape, and neither of those constitute anal Rape. The argument Henley seeks to make has been rejected by this court, as well as the Ohio Supreme Court. See, *State v. Burgess*, 162 Ohio App. 3d 291, 2005-Ohio-3747, ¶¶ 33-36; *State v. Nicholas* (1993), 66 Ohio St.3d 431.

*State v. Henley*, Case No. 20789 (2nd Dist. Apr. 10, 2006) (unreported; copy at State Court Record ECF No. 16, PageID 721). Thus the Second District decided that, because these four rapes were separate offenses, it was not ineffective assistance of trial counsel to fail to move to merge them, and not ineffective assistance of appellate counsel to fail to complain of trial counsel's omission. Henley has not demonstrated this is an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), as it applies to appellate counsel.

Henley also complained in his Rule 26(B) Application of the failure to merge the two counts of felonious assault. The Second District found, "given that [the] trial court merged the convictions and sentences for these two offenses, we fail to see how Henley has been prejudiced by the failure to raise the matter on direct appeal." *State v. Henley*, 2nd Dist. Montgomery No. 20789 (2nd Dist. Apr. 10, 2006) (unreported; copy at State Court Record ECF No. 16, PageID 722). Henley argues that this is a misreading of the trial court record and that, instead, the trial court ordered the sentences on Counts 6 and 7 to be served concurrently and did not merge them (Reply, ECF No. 20, PageID 1764). The Amended Termination Entry of November 24, 2004, reflects concurrent sentences for Counts 6 and 7 (State Court Record, ECF No. 16, PageID 489).

This factual error by the Second District does not entitle Henley to habeas corpus relief, however. The cited decision on the 26(B) application constitutes a ruling on the merits of this

particular claim. Under *Harrington v. Richter*, 562 U.S. 86, 103 (2011), this Court must defer to that decision unless it is not supportable by any reasonable theory on which the Second District could have relied.

In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, (2009) (per curiam); *Strickland*, 466 U.S. at 693. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. *Id.*, at 696. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id.*, at 693, 697. The likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter*, 562 U.S. 86, 111-112 (2011); *Strickland*, 466 U.S. at 693.

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. [86, 103,] 131 S.Ct. 770, 178 L.Ed.2d 624, 641 (2011). "If this standard is difficult to meet"—and it is—"that is because it was meant to be." *Id.,* at [102], 131 S.Ct. 770, 178 L.Ed.2d 624, 641. We will not lightly conclude that a State's criminal justice system has experienced the "extreme malfunctio[n] [sic]" for which federal habeas relief is the remedy. *Id.*, . . . , 131 S.Ct. 770, 178 L.Ed. 2d 624, 641 (internal quotation marks omitted).

*Burt v. Titlow*, 571 U.S. 12, 19-20 (2013).

In assessing an ineffective assistance of appellate counsel claim, the *Strickland* standard of deficient performance and prejudice is applicable. *Smith v. Robbins*, 528 U.S. 259, 285 (2000);

*Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*., *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), see *Smith v. Murray*, 477 U.S. 527 (1986). "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008).

Ineffective assistance of trial counsel for failure to argue for merger of Henley's two felonious assault convictions was far from the strongest argument available on appeal. For example, Henley's *Blakely* argument regarding sexual predator classification was strong enough to draw a dissent on appeal from Judge Merritt. The assignment of error about excluding part of the testimony of Barbara Pettiford also seems stronger. Because appellate counsel did not perform

deficiently in omitting this claim, the Second District's rejection of this claim of ineffective assistance of appellate counsel is not objectively unreasonable. Ground Nine should be dismissed as without merit.


**Conclusion**


Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.


September 13, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).