# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN DAMONT HENLEY,

          Petitioner,      :      Case No. 3:17-cv-421

  - vs -                        District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

DAVID MARQUIS, Warden,
  Richland Correctional Institution

                                :

          Respondent.

## SUPPLEMENT TO SUBSTITUTED REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner's Objections (ECF No. 34) to the Magistrate Judge's Substituted Report and Recommendations ("Report," ECF No. 31). Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 36).

The Petitioner pleaded ten Grounds for Relief, but expressly waived Grounds Four, Five, Six, Eight and Ten (ECF No. 20, PageID 1723). Report recommended dismissing the remaining grounds with prejudice and denying a certificate of appealability (ECF No. 31).

**Ground One**: **Violation of Sixth Amendment Right to Jury Determination (*Blakely* claims)**

In his First Ground for Relief, Petitioner asserts the trial court violated his Sixth Amendment right to trial by jury by imposing (1) a sentence and (2) a sexual predator designation based on facts not found by the jury.

1

The Report concluded Ground One did not state a constitutional claim as to the sexual predator classification. In his Objections, Henley presents no new authority holding a sexual predator classification sufficiently restrains a person's liberty to create habeas corpus jurisdiction. He continues to rely on the dissent of Circuit Judge Gilbert S. Merritt, Jr., in his prior appeal, but does not suggest how this Court could ignore the majority opinion and other circuit law on the question.

As to Henley's non-minimum, maximum, and consecutive sentences, the Report concluded on the merits that there was no *Blakely* error in Judge Langer's making the then-required findings, rather than submitting the questions to the jury (ECF No. 31, PageID 1840-42). The Report relied on *Arias v. Hudson,* 589 F.3d 315 (6th Cir. 2009), and *Chontos v. Berghuis*, 585 F.3d 1000 (6th Cir. 2009), for the proposition that *Blakely v. Washington*, 542 U.S. 296 (2004) is not applicable to judicial factfinding that increases a sentence above the statutory mandatory minimum. Henley cites *Anderson v. Wilkinson*, which he argues reaches the opposite result (Objections, ECF No. 34, Page ID 1865, citing No. 09-3533 396 F. App'x 262 (6th Cir. 2010)). However, *Arias* and *Chontos* are published cases from 2009, whereas *Anderson* is a later, unpublished decision. As the Sixth Circuit has recently reminded us, a published opinion cannot be overruled by a later unpublished opinion and the district courts are bound by the published precedent. *Issa v. Bradshaw*, No. 15-4147, --- F.3d ----, 2018 U.S. App. LEXIS 27131, * 11 n.2 (6th Cir. Sept. 21, 2018), , citing *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

The Report also recommended dismissing the First Ground for Relief as procedurally defaulted (ECF No. 31, PageID 1842-47). Henley objects:

> Astonishingly, the magistrate now claims that Petitioner never made a *Blakely* claim on direct appeal from his 2005 conviction and sentence. . . . This is factually incorrect and Petitioner is yet again

2

> perplexed as to why the magistrate would so blatantly disregard the record and misstate the facts.

(Objections, ECF No. 34, PageID 1866-67). To prove that he did, in fact, raise a *Blakely* claim on direct appeal, Henley cites his Appellant's Brief; therein, *Blakely* is cited, although no claim under *Blakely* was assigned as error (State Court Record ECF No. 16, at PageID 526). The Third Assignment of Error on direct appeal was a general claim of error in sentencing, including violations of the allied offenses statute. In dealing with the *Blakely* issue, the Second District Court of Appeals found "[w]e need not address this issue since it was not raised at the trial court level." *State v. Henley*, 2nd Dist. Montgomery Case No. 20789, 2005-Ohio-6142, ¶ 55 (Nov. 18, 2005), copy at State Court Record, ECF No. 16, PageID 614). The Report is thus incorrect in asserting that no *Blakely* claim was made on direct appeal. Although the claim was made, the Second District found it was forfeited because it was not raised in the trial court. This is an additional basis on which the First Ground for Relief is procedurally defaulted.

**Ground Two: Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Henley claims his appellate attorney provided ineffective assistance when he failed to challenge the trial judge's bias in his sentencing findings and in labeling Henley a sexual predator. The Report found this claim was procedurally defaulted by Henley's failure to include it in his 26(B) Application (Report, ECF No. 31, PageID 1847-49).

Henley finds this conclusion "shocking," because he says the Magistrate Judge recognized in Henley's prior habeas case that Henley raised "an underlying claim of judicial bias in the state courts." (Objections, ECF No. 34, pid1868). In Ground for Relief (1)(2) in the prior case, Henley raised a claim of ineffective assistance of *trial* counsel for failure to object to judicial bias and

abuse of discretion which the Magistrate Judge found procedurally defaulted because it could have been but was not raised on direct appeal. *Henley v. Moore*, No. 3:07-cv-31, 2007 U.S. Dist. LEXIS 96373, *29 (S.D. Ohio Jun. 28, 2007) (Merz, Mag. J.), *report and recommendations adopted in part and rejected on other grounds at* 2008 U.S. Dist. LEXIS 8371 (S.D. Ohio Feb. 5, 2008) (Rice, J.). At the same place, the Magistrate Judge held that such a claim would not have been resurrected by including it in a 26(B) application because those applications can only be used to raise ineffective assistance of appellate counsel claims. When one examines the text of the 26(B) application, one finds this claim is not omitted. Henley claim judicial bias by Judge Dennis J. Langer in the state courts, but he did not claim it was ineffective assistance of appellate counsel to fail to raise that claim on direct appeal. That is the assertion made in Ground Two.

**Ground Three: Confrontation and Compulsory Process**

No further analysis is warranted on this claim.

**Ground Seven: Double Jeopardy**

No further analysis is warranted on this claim.

**Ground Nine: Ineffective Assistance of Appellate Counsel**

No further analysis is warranted on this claim.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 1, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).